■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO SANTIAGO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered March 16, 1982, convicting him of assault in the second degree and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that he was prejudiced by the admission into evidence of a statement he had made to the police, which was redacted in such a way as to eliminate any reference to a codefendant with whom he was jointly tried. Specifically, defendant asserts, for the first time on this appeal, that such redaction deprived him of the ability to establish a defense of justification based on his use of physical force, supposedly in defense of said codefendant. While defendant was entitled to have the exculpatory portions of his statement read together with the incriminating one (*People v Dlugash,* 41 NY2d 725, 737), so that it was error to redact an exculpatory passage from the statement upon codefendant's motion (*People v La Belle,* 18 NY2d 405), we note that the claimed error was not preserved for review because the defendant's objection at trial to the redaction was vague and unspecific (*see, People v Nuccie,* 57 NY2d 818) and, to the extent it is possible to tell, was premised on an argument different from that now raised (*see, People v Liccione,* 50 NY2d 850). In short, defendant raises this argument (that his defense of justification based on defense of another was undermined by the redaction of his confession) for the first time on appeal, and we need not consider it.

Under the circumstances of this case, we are not inclined to review the claimed error in the interest of justice. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.