■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL JEROME SINGLETON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered February 10, 1983, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In the early morning hours of January 1, 1982, the defendant and an unapprehended accomplice beat and robbed the complainant in an IRT subway train in Brooklyn. Two transit police officers who were making their way to the car where the mugging was taking place saw the complainant being beaten about the head and one of them also saw both the perpetrators going through the complainant's pockets as the train was pulling into the Junius Street station. When the train stopped, the defendant and his accomplice fled, through different doors, in opposite directions, with the defendant running right into the arms of one of the transit police officers who had exited from an adjoining car. When the defendant was subsequently searched at the train station, some of the victim's possessions, including his house keys, were found on the defendant's person. The victim, who was bruised and bleeding from the mouth and nose, was taken to Long Island College Hospital, where he was treated for a contusion and hematoma to the right side of his face and released.

Following his arrest, the defendant telephoned one Blondine Everett and asked her to testify that he did not participate in the robbery on the train. At the trial, Everett was called to testify for the People over objection from defense counsel. She testified that she was not on the train and that the defendant had asked her to testify that she was on the train with him and that he did not participate in the robbery.

Criminal Term did not abuse its discretion in admitting Everett's testimony from which the jury could infer the defendant's consciousness of guilt. This evidence did not serve as a substitute for other proof of guilt, but lent strength to the testimony of the other prosecution witnesses *(see, People v*

*Leyra,* 1 NY2d 199, 210). The defendant urges that Criminal Term failed to instruct the jury that Everett's testimony was of limited value *(see,* 1 CJI [NY] 9.16). However, he neither requested such a charge nor excepted to the court's charge on this ground. Accordingly, the issue of law was not preserved for review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *see, e.g., People v Daye,* 104 AD2d 1003).

The defendant's contention that he was deprived of a fair trial by the prosecutor's conduct during cross-examination and summation lacks merit. Insofar as the cross-examination is concerned, the record indicates that after defense counsel objected to the prosecutor's choice of words in forming a question, the prosecutor rephrased the question and defense counsel said "That's fine". Thereafter, the prosecutor utilized the rephrased question without objection. Thus, we conclude that the error, if any, was cured to the defendant's satisfaction *(see, e.g., People v Irby,* 112 AD2d 447). As to the prosecutor's summation, it can be evaluated fairly only in comparison to that of the defense *(see, People v Anthony,* 24 NY2d 696; *People v Blackman,* 88 AD2d 620). In this case it was the defense which repeatedly challenged the credibility of the People's witnesses. The record indicates that the prosecutor's summation constituted a fair response to the defendant's summation *(see, People v Arce,* 42 NY2d 179; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Lowen,* 100 AD2d 518, 520) and in view of the overwhelming evidence of the defendant's guilt *(cf. People v Galloway,* 54 NY2d 396) to the extent that any remarks were inappropriate, he was not deprived of a fair trial *(see, People v Hopkins,* 58 NY2d 1079, 1083; *People v Galloway, supra).*

Finally, there is no merit to the defendant's argument that the evidence of the victim's physical injury adduced at trial was insufficient to support his conviction of assault in the second degree. The defendant's conviction of assault in the second degree required proof of physical injury (Penal Law § 120.05 [6]) which is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The question of whether the element of substantial pain has been established is generally one for the trier of fact who may consider, *inter alia,* the subjective feeling of the complaining witness *(see, Matter of Philip A.,* 49 NY2d 198, 200). At trial, the element of physical injury was submitted to the jury based on the complainant's subjective testimony, the hospital record, and the testimony of the two police officers. This evidence was

sufficient to establish beyond a reasonable doubt that the complainant suffered physical injury.

We have considered the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.