■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW HARRIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 18, 1985, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 2, 1983, at approximately 2:30 A.M., the complainants Lisa Alpizar and Peter Bucher were robbed at gunpoint by assailant Luis Archibald, who subsequently fled

on foot and hurriedly entered the passenger side of a yellow sedan which had been following nearby. Neither Bucher nor Alpizar was able to identify the individual operating the getaway vehicle. As Archibald was running towards the yellow sedan, Bucher observed a police emergency van and attempted to flag the vehicle down. Sergeant Gerard Hoag and Officer Donald Damian, who were in the van, heard Bucher's screams, saw Archibald run across the street to the waiting automobile and gave chase. Following a short chase, the officers, after briefly losing sight of the sedan, subsequently observed the vehicle immobile, resting against a pillar which supported an elevated train. As the van approached, both officers observed an individual move from the yellow sedan to a row of trucks parked in a nearby gasoline station. The officers walked over to the passenger side of the sedan and discovered Archibald lying on the ground, apparently injured. At this point, one of the officers saw movement near the parked trucks in the gasoline station and investigated. There, standing behind the trucks, approximately 50 feet from the sedan, Sergeant Hoag discovered the defendant, whom he then placed under arrest. The officers observed no other persons in the area. At the trial, Archibald testified that the defendant was the driver of the yellow sedan and had participated in the robbery.

On appeal, the defendant contends, *inter alia,* that sufficient, independent evidence to corroborate the testimony of accomplice Luis Archibald was lacking *(see,* CPL 60.22). We disagree. It is settled that "[t]he role of independent proof to meet the requirements for corroboration under CPL 60.22 (subd 1) is 'to connect the defendant with the commission of the crime, not to prove he committed it' *(People v Hudson,* 51 NY2d 233, 238)" *(People v Smith,* 55 NY2d 945, 946). The corroborating evidence, moreover, need only "connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" *(People v Daniels,* 37 NY2d 624, 630; *see also, People v Moses,* 63 NY2d 299, 306; *People v Davila,* 108 AD2d 108, 114-115; *People v Clickner,* 95 AD2d 925, 926). Here, the testimony of Officers Hoag and Damian established that at approximately 2:30 A.M., the defendant was found standing behind a truck in a deserted gas station parking lot after the arresting officers had observed an individual alight from the "getaway" car and move toward that very location. Moreover, both complaining witnesses testified that Archibald, who was found lying near the passenger side of the vehicle, was the assailant who had

originally accosted them. In light of the foregoing, we conclude that the corroboration provided by the independent testimony in the case was sufficient to satisfy the mandate of CPL 60.22.

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.