■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MEDINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered December 5, 1984, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Benzinger,* 36 NY2d 29), we find the evidence against the defendant was legally sufficient. Moreover, upon the exercise of our factual review power, and bearing in mind that the credibility of witnesses and the weight to be accorded their testimony are generally matters for resolution by the jury *(see, People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648), we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *see also, People v Centino,* 133 AD2d 776 [decided herewith]).

The prosecutor's cross-examination regarding the defendant's homosexuality was not designed to humiliate him or to elicit irrelevant and prejudicial material, as the defendant contends. The defendant claimed that he and the complainant were involved in a prior homosexual relationship and that he had been invited into the burglarized apartment, all of which was denied by the complainant.

Finally, the prosecutor's summation can be evaluated fairly only in comparison to that of the defense *(People v Singleton,* 121 AD2d 752, *lv denied* 68 NY2d 918). In this case, the defendant challenged the credibility of the People's witness

and vouched for his own witnesses. The record indicates that the prosecutor's comments constituted a fair response to the defendant's summation and did not deny him a fair trial *(see, People v Centino, supra; People v Hopkins,* 58 NY2d 1079, 1083). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.