■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CENTINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered December 5, 1984, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Benzinger,* 36 NY2d 29), we find the evidence against the defendant to be legally sufficient. Further, upon the exercise of our factual review power, and bearing in mind that the credibility of witnesses and the weight be accorded their testimony are generally matters for resolution by the jury *(see, People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 880), we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evi-

dence *(see,* CPL 470.15 [5]; *see also, People v Medina,* 133 AD2d 783 [decided herewith]).

Where proof against the two defendants is to be supplied by the same evidence, only the most cogent reasons warrant a severance *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Since the evidence against the defendant and his codefendant in this case was virtually identical, we discern no error in the denial of the motion for separate trials *(see, e.g., People v Cruz,* 66 NY2d 61, *revd on other grounds Cruz v New York,* 481 US —, 107 S Ct 1714). Similarly unavailing is the defendant's argument that he was prejudiced by the admission in evidence of his codefendant's statement. The codefendant testified at trial, thereby preserving the defendant's right to confrontation *(see, Cruz v New York, supra).* In addition, the jury was properly instructed not to consider the codefendant's out-of-court statement against the defendant.

Finally, the prosecutor's summation can be evaluated fairly only in comparison to that of the defense *(see, People v Singleton,* 121 AD2d 752, *lv denied* 68 NY2d 918). In this case, the defendant repeatedly challenged the credibility of the People's witness. The record indicates that the prosecutor's comments constituted a fair response to the defendant's summation and did not deny him a fair trial *(see, People v Medina, supra; People v Hopkins,* 58 NY2d 1079, 1083). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.