■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REYNOLDS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 13, 1985, convicting him of robbery in the first degree under indictment No. 6618/83, upon a jury verdict, and sentencing him to an indeterminate term of 6½ to 13 years' imprisonment and (2) a sentence of the same court, also imposed June 13, 1985, upon his plea of guilty to robbery in the first degree under indictment No. 6620/83, the sentence being an indeterminate term of 6½ to 13 years' imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing; and it is further,

Ordered, that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

Upon the exercise of our factual review power we are satisfied that the verdict under indictment No. 6618/83 was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the trial court properly declined to give a missing witness charge based upon the failure of the People to call Nina Constantino as a witness. A missing witness charge is appropriate where it is shown that "the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" (People v Gonzalez, 68 NY2d 424, 427). The defendant did not make such a showing here. The People's comments during summation were appropriate in view of defense counsel's summation remarks (see, People v Singleton, 121 AD2d 752, 753, lv denied 68 NY2d 918).

The People concede that the defendant was improperly sentenced for both crimes as a second violent felony offender, although his sole prior conviction was not for a violent felony offense. While the sentences are authorized upon conviction as a second felony offender, the People concede that the matters should be remitted to the Supreme Court, Kings County, for

resentencing *(see, People v Modica,* 64 NY2d 828, 829). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.