■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STUCKEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 17, 1986, convicting him of murder in the second degree, kidnapping in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and videotaped statements made to law enforcement officials.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction for criminal possession of a weapon in the second degree from 7½ to 15 years' to 5 to 15 years' imprisonment; as so modified, the judgment is affirmed.

The defendant's arguments presented on this appeal with respect to the hearing court's ruling denying suppression of his oral and videotaped statements have not been preserved for appellate review since the contentions were not raised at the hearing (see, People v Tutt, 38 NY2d 1011; People v Cusumano, 108 AD2d 752, 754). We decline to address them in the interest of justice.

The defendant's further contention that the trial court erred by denying his motion for a separate trial from his codefendant is without merit. As we stated in People v Centino (133 AD2d 776, 777), under similar circumstances, "Where proof against the two defendants is to be supplied by the same evidence, only the most cogent reasons warrant a severance (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). Since the evidence against the defendant and his codefendant in this case was virtually identical, we discern no error in the denial of the motion for separate trials (see, e.g., People v Cruz, 66 NY2d 61, revd on other grounds Cruz v New York, 481 US [186], 107 S Ct 1714). Similarly unavailing is the defendant's argument that he was prejudiced by the admission in evidence of his codefendant's statement. The codefendant testified at trial, thereby preserving the defendant's right to confrontation (see, Cruz v New York, supra). In addition, the jury was properly instructed not to consider the codefendant's out-of-court statement against the defendant."

We agree with the defendant that the minimum term of imprisonment imposed upon his conviction for criminal pos-

session of a weapon in the second degree could not exceed one third of the maximum term imposed (see, Penal Law §§ 70.00, 265.03) and that sentence has been modified accordingly. However, we find no basis to otherwise modify the imposed sentences (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.