■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 6, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant (see, People v Ramos, 147 AD2d 719 [decided herewith]) were convicted of the felony murder of Gafur Cerimi who was stabbed by the codefendant when he resisted a robbery attempt by the defendants. According to the evidence at trial, the knife that was used belonged to the defendant and was given by him to the codefendant shortly before the attack. The prosecution evidence consisted of the testimony of the deceased's friend who was also attacked by the defendants, the testimony of an eyewitness and the video and audiotaped confessions of the two defendants.

The defendant contends on appeal that the trial court violated his right of confrontation and his right to a fair trial when it improperly denied his motion for a severance. We disagree.

It has been repeatedly stated that "[w]here proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Centino,* 133 AD2d 776; *People v Anfossi,* 125 AD2d 317). In the case at bar, the proof was similar and the defendant has not pointed to any real reason why a severance was warranted. His right of confrontation was not infringed by the admission of his codefendant's confession since both defendants took the stand *(People v Safian,* 46 NY2d 181; *People v Johnson,* 122 AD2d 76). Neither was the defendant deprived of a fair trial. In addition to affording the defendant his opportunity to cross-examine the codefendant the trial court gave limiting instructions as to the use of the confession at various points of the trial and in its charge to the jury. The defendant's contention that it did not do so is without foundation.

We also reject the defendant's contention that the evidence failed to show a robbery plot planned and carried out by the two defendants during which a nonparticipant was killed. To the contrary, viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no basis in the record to disturb the sentence imposed *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's other contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.