■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARK ECONOMY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered May 18, 1987, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal impersonation in the first degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon his arrest, the defendant made an incriminating statement to an Assistant District Attorney which was videotaped. During the course of that statement the defendant made reference to a previous incident involving his possession of a gun which resulted in his having been arrested a number of years earlier. The Assistant District Attorney then referred to the fact that 2 guns were involved in the instant incident

and stated that 1 of the guns was recovered from the defendant. At that point, the defendant refused to speak any further without the benefit of counsel, and the interview was terminated.

After seeing and hearing the videotaped statement outside of the jury's presence, defense counsel asked that certain portions be redacted. Specifically, he requested redaction of the Assistant District Attorney's assertion that the defendant had possessed a gun, to which the defendant had not responded, and of the defendant's invocation of his right to remain silent and his request for counsel. Defense counsel also asked that the jury be instructed that it should not consider the reference to the defendant's earlier arrest for gun possession in their deliberations. The court acceded to the latter request for a jury instruction, but denied the application for redaction. After playing the tape for the jury, the trial court instructed them not to concern themselves with the defendant's reference to a prior incident, and not to infer anything from the defendant's invocation of his right to counsel. On appeal, the defendant contends that he was denied his right to a fair trial by the trial court's refusal to grant his request for redaction and by its failure to redact his reference to the prior gun possession incident. The defendant further argues that the prejudice inherent in allowing the jury to see and hear the objectionable portions of the videotaped statement was not cured by the trial court's limiting instructions. We disagree.

We note that the defendant's claim of error with respect to the trial court's failure to redact that portion of the tape in which he referred to a prior crime is not preserved for appellate review, as he did not request redaction thereof, but rather sought a limiting instruction, which was given and to which he did not object (see, CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865, 866; *People v Valles,* 123 AD2d 456). Moreover, with respect to that claim and the other claims of error which have been preserved for appellate review, we are satisfied that, under the circumstances of this case, redaction was not necessary and that the limiting instructions given sufficed to avert any potential prejudice or unwarranted inferences (see, *People v Berg,* 59 NY2d 294, 299-300).

The defendant's claim that the sentence imposed was unduly harsh and excessive is without merit (see, *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and do not warrant reversal in the interest

of justice. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.