■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REEVES, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J., at jury trial and sentence), rendered April 13, 1988, convicting defendant of murder in the second degree and robbery in the first degree, and sentencing defendant to concurrent terms of 15 years to life and from 8⅓ to 25 years, unanimously affirmed.

Viewed in the light most favorable to the People *(People v Contes,* 60 NY2d 620), the trial evidence was legally sufficient to establish that defendant was a participant in a robbery and that the killing committed by his accomplice was done in furtherance of the robbery, thereby establishing defendant's guilt of felony murder beyond a reasonable doubt. Defendant's claim that he intended only to commit a larceny, and that he did not contemplate the use by his accomplice of deadly force —indeed, that he was unaware that his accomplice was armed —raised questions of credibility which were properly for the jury to resolve. Defendant's intent and his knowledge of his accomplice's possession of a weapon were readily inferable from the trial evidence.

Defendant did not preserve, and we, therefore, decline to reach, his argument that it was error to allow testimony concerning the deceased's penchant for, and collection of, various weapons, including firearms. In any event, the testimony was relevant to establish the likelihood that anyone attempting to rob the deceased would be similarly armed. Defendant did adequately preserve his objection to the admission on the People's rebuttal case of a photograph of weapons found in the deceased's apartment. While the photograph should have been introduced on the People's direct case, we perceive no prejudice to defendant, in view of the plethora of evidence properly allowed on this subject, and in view of defendant's testimony that he knew the deceased was armed. Further, the trial court may, in its discretion, vary the order of proof *(People v Harris,* 57 NY2d 335, 345).

The prosecutor's summation was proper when viewed in conjunction with that of defendant's counsel *(People v Singleton,* 121 AD2d 752). Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.