■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEISHA CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered June 24, 1988, convicting her of attempted robbery in the second degree (two counts), attempted grand larceny in the fourth degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant was accosted by three individuals, including the defendant, on his way to work in Hempstead early one morning. Together the perpetrators demanded money from him and attempted to take his gold chain and his wallet. Before they ran away, one of the assailants punched the complainant in the face, causing a cut near his right eye and a bloody nose.

On appeal, the defendant argues that she was denied a fair trial when the court allowed the People to bolster the testimony of an eyewitness to the incident by eliciting prior consistent statements from him on redirect examination. In light of the fact that on cross examination defense counsel created the inference that this witness had recently fabricated his testimony, the People's rehabilitation by prior consistent statements or, in this case, the explanation of certain omissions in his testimony, was not error *(see, People v McClean,* 69 NY2d 426, 428; *People v Melendez,* 55 NY2d 445; *People v Davis,* 44 NY2d 269, 277).

The defendant additionally claims that her conviction should be reversed because the People exercised peremptory

challenges in a racially discriminatory manner. However, this issue was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Jones,* 143 AD2d 1044; *People v Williams,* 141 AD2d 783) and, in any event, a review of the evidence reveals that the defendant failed to establish a prima facie case of discrimination *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77; *People v Jenkins,* 75 NY2d 550; *see also, People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 111 S Ct 1859).

Finally, the defendant's claim that the People's inflammatory summation denied her a fair trial is equally without merit. In general, the People's remarks on summation were either related to the issues within the " 'four corners of the evidence' " *(People v Ashwal,* 39 NY2d 105, 109) or constituted fair response to the defendant's attacks on the credibility of the People's witnesses *(see, People v Centino,* 133 AD2d 776; *People v Medina,* 133 AD2d 783). Moreover, any possible prejudice resulting from the People's discussion of principles of law during summation was cured by the court's proper instructions in its charge *(see, People v Aversa,* 156 AD2d 371; *People v Turner,* 141 AD2d 878). Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.