■ The People of the State of New York, Respondent, v Frank Jackson, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered August 8, 1986, convicting him of robbery in the second degree (three counts) and grand larceny in third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's principal contention is that the trial court erred by denying his untimely motions for a separate trial. However, "[w]here proof against * * * [two] defendants is [to be] supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905; *see, People v Cardwell,* 78 NY2d 996; *People v Mahboubian,* 74 NY2d 174, 184; *People v Stuckey,* 147 AD2d 724). In the case at bar, the evidence against the defendant and his codefendant was virtually identical. The defendant's right to confrontation was not infringed by the admission of his codefendant's statements since the codefendant testified at the trial *(see, People v Stuckey, supra; People v Velasquez,* 147 AD2d 726). In addition to affording the defendant the opportunity to cross-examine the codefendant, the trial court gave limiting instructions to the jury on the use of the codefendant's statements both after the statements were introduced into evidence and again during its charge to the jury *(see, People v Stuckey, supra; People v Velasquez, supra).*

The defendant also contends that sufficient independent evidence to corroborate the testimony of another accomplice was lacking *(see,* CPL 60.22). We disagree. The role of independent proof to meet the requirements for corroboration under

CPL 60.22 (1) is to connect the defendant with the commission of the crime, not to prove he committed it *(see, People v Glasper,* 52 NY2d 970, 971). Moreover, the corroborating evidence need only connect the defendant with the crime in such a way that the jury can be reasonably satisfied that the accomplice is telling the truth *(see, People v Harris,* 126 AD2d 745, 746; *People v Daniels,* 37 NY2d 624, 630). Here the testimony of Detective Gallo regarding the statements the defendant had made to him, the complainant's positive identification of the codefendant, with whom the defendant had claimed to be all night, and the defendant's flight from the "getaway" car, provided sufficient independent corroboration to satisfy the mandate of CPL 60.22 *(see, People v Glasper, supra; People v Harris, supra).*

While the defendant's arrest was not based on probable cause, certain statements he made were admissible at the trial since "they were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality" *(People v Jones,* 151 AD2d 695; *United States v Crews,* 445 US 463). The defendant's statements were made several hours after his arrest, after he had been read his *Miranda* warnings no less than twice, and only after an accomplice who had been arrested at a different time and place had implicated him *(see, People v Jones, supra).*

The defendant's claim that the court should have redacted portions of his codefendant's statement is unpreserved for appellate review. The defendant did not request this relief at the trial *(see, People v Diaz,* 161 AD2d 789, 790; *People v Economy,* 156 AD2d 459, 460). In any event, the trial court's limiting instruction sufficed to avert any potential prejudice *(see, People v Economy, supra).*

Finally, the trial counsel's failure to timely move for a separate trial, by itself, does not warrant a finding that he was ineffective *(see, People v Rivera,* 71 NY2d 705, 709). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.