■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEIF ERICSEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered July 18, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

We agree with the hearing court that the three prosecution witnesses each had an independent basis for their identifications of the defendant despite suggestive photographic identification procedures, as each testified that they knew the defendant previously from the neighborhood (see, People v Ballott, 20 NY2d 600).

The evidence elicited at the Wade hearing established that two witnesses spent at least five minutes negotiating with the defendant relative to the sale of the stolen property under good lighting conditions and were familiar with him from the area. The third witness observed the defendant for approximately 30 seconds under well-lit conditions as he approached the decedent's apartment building and stated that he had seen him with the decedent on numerous prior occasions. While the defendant's appearance had changed since his arrest in terms of his hair, moustache, and clothing, the third witness testified that he recognized the defendant as the same man he knew to be the victim's friend. As each witness had ample opportunity to observe the defendant who was previously known to them, suppression of their identification evidence was properly denied.

Inasmuch as the defendant's statements made to law enforcement authorities were not utilized by the People, any issue with respect thereto is rendered academic (see, People v Vanier, 178 AD2d 501; People v Adames, 168 AD2d 623). In

any event, we agree with the hearing court that the defendant's statements to law enforcement authorities following his arrest were admissible *(see, People v Bing,* 76 NY2d 331; *People v McEachern,* 166 AD2d 614; *People v Goodman,* 166 AD2d 541).

It is well established that photographs of a deceased are admissible if they tend to prove or disprove a disputed material issue, to illustrate or elucidate other relevant evidence, or to corroborate other evidence. They will only be deemed inadmissible if the sole purpose of the offer is to arouse the emotions of the jury and to prejudice the defendant, and admission of photographs is generally within the discretion of the trial court *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Moore,* 161 AD2d 733; *People v Long,* 155 AD2d 558; *People v Harris,* 149 AD2d 433; *People v Whitaker,* 146 AD2d 723). We find that the introduction of the one photograph, which was objected to, was probative of a material issue, substantiating the accomplice's testimony as well as the testimony of another witness, and was not inflammatory or prejudicial.

Contrary to the defendant's contentions, we find that there was sufficient independent evidence to corroborate the accomplice's testimony. It is sufficient if the corroborative evidence tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is truthful *(see, People v Glasper,* 52 NY2d 970; *People v Daniels,* 37 NY2d 624; *People v Jackson,* 178 AD2d 438; *People v Holmes,* 170 AD2d 534; *People v Harris,* 126 AD2d 745). In this case, the defendant was observed on the walkway to the victim's apartment at the time of the commission of the crimes and was seen shortly thereafter by two police officers as he transported various items of electronic equipment which had been stolen from the victim. Further, blood stains on the shirt worn by the defendant on the night of the crime matched the blood type of the victim and blows to the decedent's head and shoulders were consistent with blows from the tire iron which was recovered by the police. Finally, the evidence established that the defendant was a long-term acquaintance of the victim, whereas the accomplice had never met him thereby negating the inference that the accomplice rather than the defendant planned the robbery and murder.

While the personal background of the sole eyewitness and accomplice to the murder was replete with drug usage and other criminal activity, his credibility was a matter to be determined by the trier of fact. Viewing the evidence in the

light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In light of the heinous nature of this crime wherein the defendant brutally murdered his long-term friend to obtain funding for his drug habit, we do not find the sentence to be excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.