◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KNIGHT, Appellant. [595 NYS2d 797] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered April 29, 1991, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two police officers were on patrol in their radio car when they heard a car alarm. As the officers approached the car, they saw the defendant and the codefendant. They stopped the men and asked for identification and the car's documents, and the codefendant told the officers that some of the documents were in the car. One officer accompanied the codefendant to the car and, upon opening the door, the officer saw an automatic pistol on the console. The officers immediately arrested both men.

At the trial, the codefendant testified that, while in a holding cell, the defendant had admitted possessing the gun, and said, "Yo, Steve, take the rap for the gun because I got a record. You know I got a record, and I can't afford it". We disagree with the defendant's contention that the testimony regarding that part of the statement which concerned his criminal record was inadmissible. The trial court correctly admitted it as evidence of consciousness of guilt (see, People v Singleton, 121 AD2d 752; People v Hernandez, 118 AD2d 729). Moreover, the codefendant clearly had the right to testify to the defendant's confession of possession in order to rebut the statutory presumption of possession as to himself (see, Penal Law § 265.15 [3]). Any prejudice to the defendant from the admission of his statement as to his prior criminal record was outweighed by the testimony's probative value in providing a credible reason for the defendant's admission that he owned the gun.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.