■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VOGEL, Appellant. [629 NYS2d 157] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of various counts of criminal sale and possession of a controlled substance. Defendant was sentenced to concurrent terms, the longest of which is 15 years to life. Appellate counsel contends that the court erred in failing to instruct the jury with respect to the element of knowledge of the weight of the drugs, and that reversal is required even in the absence of an objection. In a *pro se* supplemental brief, defendant contends that he was denied his right to a fair trial when there was a substitution of Judges during jury deliberations; that he was denied effective assistance of counsel; that he was improperly tried with his codefendant under consolidated indictments; that he was improperly held for action of the Grand Jury following dismissal of a prior indictment; and that the verdict is against the weight of the evidence.

Defendant failed to preserve for our review his challenge to the court's instructions *(see, People v Furtick,* 213 AD2d 1012; *People v Napoli,* 212 AD2d 1022). Defendant was not denied a fair trial by the substitution of Judges, nor was he denied effective assistance of counsel. Defendant was properly tried under a consolidated indictment with his codefendant, who was charged with possessing the same quantities of drugs at the same time and place *(see,* CPL 200.20 [4]; 200.40 [2]; *People v Griffin,* 137 AD2d 558, 559, *lv denied* 70 NY2d 1006). Defendant was properly held in custody pending resubmission of the charges to the Grand Jury following dismissal of the initial indictment *(see,* CPL 210.45 [9]). Finally, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The record establishes defendant's predisposition to sell and deep involvement in both sales. Defendant communicated the availability of drugs to the under-

cover deputy, negotiated price and quantity, facilitated the sales, and shared in the profits. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.