■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ELMORE, Appellant. [653 NYS2d 1005] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his suppression motion because the police lacked probable cause to arrest him. We disagree. The police officer who arrested defendant had received a radio report earlier that day concerning an armed robbery at a jewelry store in the Town of Mendon. Two hours later, the of-

ficer received another report stating that two black men were "possibly" in possession of stolen jewelry at a store in the City of Rochester and that, when the clerk called the police, they "ran out of the store taking jewelry with them" and drove away in a "N4X-403 tan Mazda". A few minutes after receiving the second report, the officer observed two black men in a tan Mazda with the license plate number included in the radio report. The officer followed the vehicle for a block before activating his siren and emergency lights to effectuate a stop. The driver, later identified as defendant, increased his speed to about 15 or 20 miles over the speed limit and drove around a parked vehicle and over a curb. Following a short chase, defendant came to a stop in a residential backyard. The officer, who approached with a drawn firearm, observed jewelry inside the vehicle and arrested defendant and his passenger.

We conclude that the information in the radio reports, the reliability of which has not been challenged, provided reasonable suspicion to believe that defendant possessed stolen property, thereby justifying a stop of his vehicle (*see, People v May*, 81 NY2d 725, 727; *People v Marley*, 201 AD2d 925, *lv denied* 83 NY2d 969). Reasonable suspicion ripened into probable cause when defendant failed to stop in response to the siren and emergency lights (*see generally, People v Quarles*, 187 AD2d 200, 204, *lv denied* 81 NY2d 1018; *People v Kelland*, 171 AD2d 885, 886, *lv denied* 77 NY2d 997). It was "at least more probable than not that a crime [had] taken place and that the one arrested [was] its perpetrator" (*People v Carrasquillo*, 54 NY2d 248, 254).

Defendant also contends that the court's supplemental charge on accomplice liability, given in response to a question from the jury, was so prejudicial as to deprive him of a fair trial. In the absence of an objection to the supplemental charge as given, however, that contention is unpreserved for our review (*see*, CPL 470.05 [2]; *People v Vogel*, 216 AD2d 857, *lv denied* 86 NY2d 804). In any event, the charge accurately stated the law and the foreperson indicated to the court that the jurors' question had been answered.

We further conclude that the court did not err in instructing the jury regarding flight (*see, People v Knight*, 174 AD2d 1008, *lv denied* 78 NY2d 1012). "Although the charge did not specifically mention that evidence of flight is of limited value (*see, People v Yazum*, 13 NY2d 302, 304, *rearg denied* 15 NY2d 679), the court did charge that flight may have an innocent explanation" (*People v Knight, supra*, at 1008).

The evidence at trial, viewed in the light most favorable to

the People (see, People v Williams, 84 NY2d 925, 926), is legally sufficient to support defendant's conviction of robbery in the first degree and grand larceny in the third and fourth degrees (see, People v Bleakley, 69 NY2d 490, 495). Finally, we conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, supra, at 495) and that defendant's remaining contentions lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.