■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE MOLLING, Appellant. [661 NYS2d 129] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of conspiracy in the second degree. By failing to object to County Court's instruction on the elements of arson in the first degree, which was the object crime of the conspiracy charge, defendant failed to preserve for our review his contention that the court improperly instructed the jury on those elements (*see*, CPL 470.05 [2]; *People v Vogel*, 216 AD2d 857, *lv denied* 86 NY2d 804), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We reject the contention that the court failed to provide meaningful supplemental instructions in response to requests from the jury. It is not improper to reread portions of the original charge where, as here, the jury's requests do not express confusion and the original charge is clear (*see*, *People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Davis*, 118 AD2d 206, 212, *lv denied* 68 NY2d 768).

Defendant contends that he was denied a fair trial when the court admitted into evidence a letter written by a codefendant and alleged coconspirator. He contends that the letter was hearsay and so prejudicial that limiting instructions were ineffective to eliminate the prejudice. Defendant did not object to the admission of the letter on hearsay grounds and, thus, did not preserve that contention for our review (*see*, CPL 470.05 [2]; *People v Qualls*, 55 NY2d 733, 734). In any event, we conclude that the admission of the letter did not deprive defendant of a fair trial. First, admission of the letter did not constitute a *Bruton* violation (*see*, *Bruton v United States*, 391 US 123); codefendant testified, thereby preserving defendant's right to confrontation (*see*, *People v Anthony*, 24 NY2d 696, 702; *People v Rivera*, 234 AD2d 144). Additionally, the court issued clear limiting instructions on three occasions, thereby ameliorating any prejudice to defendant (*see*, *People v Jackson*, 178 AD2d 438; *People v Stuckey*, 147 AD2d 724, *lv denied* 74 NY2d 669). Finally, although the letter referred to defendant,

the information in it was cumulative of other overwhelming evidence of defendant's guilt.

The court did not improvidently exercise its discretion in summarily denying defendant's motion, made during jury selection, for production of the original audiotapes for "scientific testing". The motion was untimely (see, CPL 255.20 [1]), and defendant failed to offer an adequate explanation for his failure to make the motion at an earlier time (see, CPL 255.20 [3]; *People v Gibbs*, 210 AD2d 4, *lv denied* 85 NY2d 938).

We conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.