■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE HOWARD, Appellant. [852 NYS2d 182]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered April 16, 2001, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to a "buy and bust" narcotics operation, wherein he sold narcotics to an undercover officer. At the time of his arrest, the defendant was in possession of a cigar that tested positive for marijuana. He was convicted of criminal sale of a controlled substance in the third degree and criminal possession of marijuana in the fifth degree.

On appeal, the defendant contends that the People's opening statement deprived him of a fair trial by referring to his "business" of narcotics selling, and that the People improperly cross-examined the defense witnesses on their failure to provide exculpatory information to law enforcement authorities prior to trial.

The defendant failed to timely object to the prosecutor's allegedly improper remarks during the opening statement and did not request a mistrial. As a result, the defendant did not preserve for appellate review his contention that certain comments made by the prosecutor during the opening statement deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Gardner*, 27 AD3d 482 [2006]).

The defendant also failed to preserve for appellate review his contention that the prosecution improperly cross-examined the defense witnesses on their pretrial silence (*see* CPL 470.05; *People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v Materon*, 276 AD2d 718, 719 [2000]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the alleged improprieties in prosecution's opening statement or cross-examination of defense witnesses contributed to the convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Pierre*, 35 AD3d 893 [2006]; *People v Materon*, 276 AD2d 718 [2000]). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.