◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTL BONDS, Appellant. [9 NYS3d 407]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered October 5, 2011, convicting him of predatory sexual assault and rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Buchter, J.), and upon the recommendation of a Judicial Hearing Officer (Cooperman, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was indicted on charges of robbery in the first degree (two counts), predatory sexual assault, and rape in the first degree. After a jury trial, the defendant was found guilty of the robbery charges, and a mistrial was declared as to the other two charges. Upon retrial, the defendant was convicted of predatory sexual assault and rape in the first degree, and the instant appeal is taken from those convictions. The defendant's contention on this appeal that his statements to law enforcement officials were the product of coercion and therefore inadmissible was previously rejected by this Court on an appeal from the judgment convicting him of the robbery charges (*see People v Bonds*, 118 AD3d 717 [2014]). That determination "constitutes the law of the case, and, absent a showing of manifest error in the prior decision or that exceptional circumstances exist warranting departure from the law of the case doctrine, the defendant is precluded from having this issue reconsidered" (*People v Martinez*, 194 AD2d 741, 741-742 [1993] [internal quotation marks omitted]; *see People v Boone*, 84 AD3d 1108, 1109 [2011]). Under the circumstances of this case, there is no basis to reconsider that issue (*see People v Breazil*, 110 AD3d 913 [2013]; *People v Oliver*, 82 AD3d 1267 [2011]).

The defendant further contends that the trial court erred in

admitting into evidence his redacted videotaped statement without ensuring that its contents had not been edited so as to unfairly prejudice the defense. However, the specific contention he now asserts has not been preserved for appellate review, as the defendant did not raise this challenge to the videotaped statement at the trial (*see* CPL 470.05 [2]; *People v Jackson*, 178 AD2d 438, 439 [1991]; *People v Diaz*, 161 AD2d 789 [1990]; *People v Economy*, 156 AD2d 459 [1989]; *People v Santiago*, 108 AD2d 939 [1985]). In any event, the contention is without merit (*see People v Kent*, 143 AD2d 278 [1988]).

Similarly unavailing is the defendant's contention that he was deprived of a fair trial as a result of certain comments made by the prosecutor during the opening statement. The defendant failed to lodge any specific objection to the prosecutor's allegedly improper remarks (*see* CPL 470.05 [2]), and he neither moved for a mistrial nor sought curative instructions with regard to any statement (*see People v Bramble*, 81 AD3d 968 [2011]; *People v Franklin*, 77 AD3d 676 [2010]; *People v Howard*, 48 AD3d 481 [2008]). Therefore, his current challenges to the prosecutor's opening statement are unpreserved for appellate review. In any event, they lack merit. The prosecutor adequately described in his opening statement what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial (*see People v Bonds*, 118 AD3d at 719; *People v Jorgensen*, 113 AD3d 793 [2014], *lv granted* 23 NY3d 1063 [2014]; *People v Etoria*, 266 AD2d 559 [1999]).

Contrary to the defendant's contention, he has not demonstrated that his trial counsel was ineffective under either federal or state constitutional standards (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Caban*, 5 NY3d 143 [2005]; *People v Baldi*, 54 NY2d 137 [1981]). The record establishes that defense counsel provided meaningful representation as a whole (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Satterfield*, 66 NY2d 796, 799 [1985]). The defendant has failed to show the absence of strategic or other legitimate explanations for counsel's alleged shortcomings or for the defense theory pursued at trial (*see People v Caban*, 5 NY3d at 152; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Green*, 107 AD3d 915 [2013]; *People v Moore*, 66 AD3d 707, 711 [2009], *affd* 15 NY3d 811 [2010]). Accordingly, the defendant has failed to establish that he was denied his constitutional right to the effective assistance of counsel (*see People v West*, 105 AD3d 781 [2013]; *People v Prescott*, 63 AD3d 1090 [2009]).

The defendant's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.