People v Elias (2021 NY Slip Op 06186)





People v Elias


2021 NY Slip Op 06186


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-06423
2019-06491

[*1]The People of the State of New York, respondent,
v
Jeffrey Elias, appellant. (Ind. Nos. 9246/17, 2962/18)


Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Michael Gary, J.), both rendered May 23, 2019, convicting him of burglary in the second degree and petit larceny under Indictment No. 9246/17, and attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools under Indictment No. 2962/18, upon jury verdicts, and sentencing him under Indictment No. 9246/17 to a determinate term of imprisonment of 10 years to be followed by a period of 5 years postrelease supervision on the conviction of burglary in the second degree and a concurrent definite sentence of 1 year of incarceration on the conviction of petit larceny, and under Indictment No. 2962/18 to a determinate term of imprisonment of 7 years to be followed by a period of 5 years postrelease supervision on the conviction of attempted burglary in the second degree, to run consecutively to the sentence imposed on the conviction of burglary in the second degree and concurrently with concurrent definite sentences of 1 year of incarceration on the convictions of criminal mischief in the fourth degree and possession of burglar's tools.
ORDERED that the judgments are modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of burglary in the second degree and attempted burglary in the second degree shall run concurrently with each other; as so modified, the judgments are affirmed.
The defendant's contentions that the Supreme Court erred by declining to redact portions of his videotaped interview with a detective pertaining to prior uncharged crimes are unpreserved for appellate review, except with respect to portions of the videotaped interview pertaining to the defendant wearing the "same clothes" and the "same backpack" (see CPL 470.05[2]; People v Bonds, 128 AD3d 1083, 1084). In any event, the court did not err by declining to redact the portions of the videotaped interview at issue, which were inextricably interwoven with other portions of the interview pertaining directly to the subject crimes and which completed the narrative of the events (see People v Morris, 21 NY3d 588, 594; People v Hernandez, 240 AD2d 759). Moreover, the court's limiting instruction was sufficient to avert any potential prejudice (see People v Wisdom, 164 AD3d 928, 930; People v Jackson, 178 AD2d 438, 439; People v Economy, 156 AD2d 459, 460). In any event, any error arising from the court declining to redact the portions [*2]of the videotaped interview at issue was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the alleged error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Holley, 87 AD3d 601, 602).
The sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court