■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DRUMMOND, Appellant. — Appeal by defendant from a resentence of the Supreme Court, Richmond County (Owens, J.), imposed September 8, 1982, resentencing him as a persistent felony offender to an indeterminate term of imprisonment of 20

years to life upon his conviction of manslaughter in the first degree and an indeterminate term of imprisonment of 15 years to life upon his conviction of criminal possession of a weapon in the third degree, those terms to run concurrent with each other.

Resentence affirmed.

On a prior appeal by defendant, this court affirmed his conviction of manslaughter in the first degree and criminal possession of a weapon in the third degree, but vacated the sentence imposed, and remitted the matter to Criminal Term for a hearing pursuant to CPL 400.20 and for resentencing, to allow defendant to controvert the constitutionality of a 1974 conviction, upon a plea of guilty, of attempted robbery in the third degree, one of the predicate felonies used to sentence him as a persistent felony offender pursuant to section 70.10 of the Penal Law (see *People v Drummond,* 87 AD2d 828). We agree with the resentencing court that there were no constitutional infirmities, in the allocution which preceded defendant's entry of a plea of guilty to the attempted robbery charge in 1974 (see *People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). Defendant was properly adjudicated a persistent felony offender, based upon his two predicate felony convictions and his probation report, which revealed a lengthy criminal record including a number of violent offenses preceding the conviction at issue here (see CPL 400.20, subd 1, par [b]; Penal Law, § 70.10, subd 2; *People v Oliver,* 96 AD2d 1104; *People v Wright,* 104 Misc 2d 911; *People v Rosello,* 97 Misc 2d 963). In an order dated June 20, 1983, Justice Mangano of this court declined to grant defendant leave to appeal the denial of his motion to vacate the judgment pursuant to CPL 450.15 (subd 1) and 460.15, and, thus, the issues raised by defendant in his *pro se* supplemental brief concerning that motion are not properly before this court on the instant appeal. We have reviewed the other contentions in defendant's *pro se* supplemental brief and find them to be without merit. Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.