■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 24, 1983, convicting him of murder in the second degree, attempted murder in the second degree, robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of those branches of the defendant's omnibus motion which were for suppression of statements and identification evidence, and the denial, after a hearing (Balbach, J.), of that branch of the defendant's omnibus motion which was for a severance.

Judgment affirmed.

The hearing court properly denied that branch of the defendant's motion which was for a severance. His own extrajudicial admissions were sufficiently interlocking with the confessions made by his codefendants as to render negligible any resulting prejudice from improper consideration of their confessions *(see, People v McNeil,* 24 NY2d 550, 552, *cert denied sub nom. Spain v New York,* 396 US 937; *People v Berzups,* 49 NY2d 417, 425). Moreover, since both of the codefendants took the stand at trial, the logic of *Bruton v United States* (391 US 123) does not apply *(cf. People v Safian,* 46 NY2d 181, 187, *cert denied sub nom. Miner v New York,* 443 US 912).

A challenged in-court identification of the defendant by an eyewitness to the incident was properly admitted into evidence, since it was based upon her observations of the defendant made at the time of the incident *(see, People v Ballott,* 20 NY2d 600, 606).

The testimony of a fellow inmate regarding the admissions that the defendant made to him with respect to his participation in the charged crimes, was properly admitted and entitled to belief, even though the witness was less than forthright about his own criminal record. Finally, the conduct of the prosecutor during the trial did not deprive the defendant of his right to a fair trial. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.