■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE S. SANDERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered March 4, 1983, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal beings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Judgment affirmed.

The record indicates that the warrantless arrest of the defendant within his home was legal as he voluntarily consented to the arresting officer entering the home after the officer had identified himself as a policeman *(see, Payton v New York,* 445 US 573, 577; *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). Moreover, even if the arrest of the defendant had been illegal, the causal connection between that arrest and the defendant's statements was sufficiently attenuated by an intervening event, namely, the presentation of a fingerprint report, so that any taint resulting from the arrest was purged by the time of the confession *(see, People v Rogers,* 52 NY2d 527, 533-534, *cert denied* 454 US 898). Thus,

the court's denial of that branch of the defendant's omnibus motion which was to suppress the statements was proper.

Similarly, the court's ruling on the defendant's *Sandoval* motion which held that the prosecutor would be allowed to question the defendant, if he testified, as to his 1972 conviction for hindering prosecution and the underlying act of theft, while excluding questioning as to his 1967 conviction for petit larceny and his 1970 conviction for forcible theft/robbery, was a proper exercise of its broad discretion *(see, People v Pavao,* 59 NY2d 282, 292; *People v McClain,* 107 AD2d 765). The denial of the defendant's request for an alibi charge was also appropriate in view of the lack of legally sufficient evidence to support the claimed alibi defense *(see, People v Watts,* 57 NY2d 299, 301). The defendant's claim that the trial court should have excluded testimony by the People's expert witness that the defendant's fingerprints matched those found on the getaway car is unpreserved *(see,* CPL 470.05 [2]), and in any event without merit. Finally, the claim that the court improperly relied upon false statements in the probation report in sentencing the defendant is unsupported by the record. The court's concurrent sentences of 12½ to 25 years' imprisonment on each of the counts upon which the defendant was convicted was a proper exercise of its discretion in view of the serious nature of the defendant's crimes and his prior record, and appellate modification is unwarranted *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.