(December 8, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. LEARY, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 3, 1985, upon a verdict convicting defendant of the crimes of burglary in the first degree, robbery in

the second degree (two counts) and grand larceny in the second degree.

On the morning of June 10, 1984, Arthur Stiles was robbed and beaten in his home by two masked males. Defendant was later indicted after being implicated as one of the robbers. After a jury trial, he was convicted of the crimes of burglary in the first degree, robbery in the second degree (two counts) and grand larceny in the second degree. He was sentenced as a persistent felon *(see,* Penal Law § 70.10 [1]) to concurrent terms of imprisonment of 25 years to life. He now appeals his conviction.

Initially, defendant contends that his motion to suppress certain inculpatory statements he made to the police was improperly denied. The circumstances under which defendant made the statements are as follows. On November 1, 1984, the police obtained a written confession from codefendant Louis Beames admitting that he was involved in the June 10, 1984 burglary and naming defendant as the other burglar. The next day, November 2, 1984, Investigator James Babcock arrested defendant on other charges involving the theft of certain railroad ties. Defendant was given his *Miranda* warnings and transported to a police station. After approximately three hours of questioning on those charges by Babcock and Investigator Theodore Rehm, defendant was again given his *Miranda* rights and the officers commenced questioning him about the June 10, 1984 burglary. It was during this questioning that defendant made his incriminating statements. Defendant claims that there was insufficient probable cause to support his arrest on the charges pertaining to the theft of the railroad ties and therefore the statements he made with respect to the June 10, 1984 burglary should have been suppressed.

However, even if it is accepted that the first arrest was without probable cause, that would not automatically require exclusion of defendant's statements regarding the burglary. As the Court of Appeals has stated: "at some point the chain of causation leading from the illegal activity to the challenged evidence may become so attenuated that the 'taint' of the original illegality is removed" *(People v Rogers,* 52 NY2d 527, 532-533, *cert denied* 454 US 898; *see, Wong Sun v United States,* 371 US 471). Suppression of the evidence is denied if a significant intervening event occurs which would justify the conclusion that the evidence was not the product of the illegal activity *(People v Rogers, supra,* at 533). In our view, that is what occurred in this case. Beames had made his statement

implicating defendant before defendant was ever questioned *(see, People v Leandry,* 130 AD2d 351, 352, *lv denied* 70 NY2d 713). The officers confronted defendant with this statement when they questioned him. They received no aid from defendant in obtaining Beames' statement. The presentation of the statement purged any taint resulting from the first arrest and defendant's statements were, therefore, sufficiently attenuated by an intervening event *(see, People v Sanders,* 122 AD2d 86, *lv denied* 69 NY2d 717). This is not a case where the only separation from the illegal activity and defendant's later statements was a second reading of *Miranda* warnings *(cf., People v Harris,* 72 NY2d 614). The circumstances here were such that the statements made by defendant were properly determined to be admissible. There was no indication that the arrest was designed to provoke defendant to make his statements as to the burglary nor was it done so that the police could obtain evidence which was otherwise not available *(see, People v Rogers, supra,* at 534). Thus, suppression of defendant's statements was properly denied.

Next, defendant charges prosecutorial misconduct based on his claim that the prosecutor knowingly permitted Beames, one of its chief witnesses, to testify falsely. He also argues that there was a conflict of interest between his counsel and Beames, insofar as defense counsel apparently represented Beames on a previous assault charge. However, neither of these matters was pursued at trial, and, moreover, there is no evidence in the record to support these allegations.

We also reject defendant's claim of ineffective assistance of counsel. Defendant claims that before he made his incriminating statements he requested an attorney. Although he made a telephone call, the officers denied that defendant told them the call was to his attorney. One officer did state that after the call, defendant stated, "His secretary said he's not in." Defendant claims that his counsel should have called the secretary to testify at the suppression hearing. However, he has failed to demonstrate that the secretary would testify that defendant had called or that the decision not to call this witness was prejudicial to defendant and not the result of a well-advised defense strategy *(see, People v Ford,* 46 NY2d 1021, 1023). As to counsel's failure to object to leading questions, such were justifiable as acceptable trial tactics.

Defendant also claims that counsel failed to object to damaging hearsay evidence. However, in almost all of the situations referred to, the statements involved were made by defendant and therefore properly admitted *(see, People v John-*

*son,* 122 AD2d 76, 77, *lv denied* 68 NY2d 915). Additionally, the instances of hearsay involved evidence that had already been properly admitted. We also do not find that the failure to object to certain portions of the prosecution's summation constituted ineffective assistance of counsel. In particular, defendant refers to the prosecutor's mention of no requirement for defendant to testify and that "the burden is on us". While the better practice would have been for the prosecutor to have refrained from making any statement, in our view the nature of the comment was not of a sufficiently egregious nature to warrant reversal or a finding of inadequate assistance of counsel *(see, People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861). We have examined defendant's remaining claims of ineffective assistance of counsel and find them unsubstantiated in the record. A defendant is not guaranteed an error-free trial *(People v Fantroy,* 122 AD2d 291, 292). Here, defendant has failed to establish that he was inadequately represented and, under all of the circumstances, we find that counsel provided "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

Defendant also argues that he was not given sufficient notice to prepare for the *Wade* hearing. Where the People intend to offer certain evidence of identification of a defendant, they must give the defendant notice and it must be served within 15 days of arraignment *(see,* CPL 710.30 [1], [2]). Here, although the hearing was held in excess of this time limitation, no objection was made by defendant. Therefore, it was not properly preserved for our review. In any event, it was harmless error since two of the identifications could have been made by independent evidence at trial *(see, People v Ramos,* 42 NY2d 834) and the other witness whose identification testimony was approved by County Court could not identify defendant at trial.*

Finally, defendant argues that he was improperly sentenced as a persistent felon *(see,* Penal Law § 70.10 [1]). He claims that one of the felonies necessary for such designation was constitutionally infirm. However, his claim that he had plea-bargained for a different sentence than the one he received in that felony is rejected insofar as the agreement was with his own attorney and not the prosecuting attorney. He also claims that before he pleaded guilty he was not advised of certain

---

* Defendant also used this argument to support his claim of inadequate representation. However, there was no evidence of prejudice to defendant for the lack of notice or that counsel did not have sufficient time to prepare.

constitutional rights. However, the Court of Appeals has specifically refused to hold: "that a predicate conviction upon a guilty plea is invalid solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled" *(People v Harris,* 61 NY2d 9, 16). There is no evidence to show that the plea was not voluntarily and freely given; therefore, County Court properly sentenced defendant as a persistent felon *(see, People v Cummings,* 106 AD2d 294, 295). Defendant's conviction should in all respects be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.