■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 30, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction was based on the testimony of police officers who participated in the "buy-and-bust" operation which resulted in his arrest. Since the defendant's motion for a trial order of dismissal failed to refer to any specific deficiency in the evidence presented by the prosecution, his present challenge to the legal sufficiency of the evidence has not been preserved for appellate review (see, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Similarly unavailing is the defendant's contention that he was denied a fair trial by an alleged improper comment made by the prosecutor during the defense counsel's summation. The record wholly fails to support the defendant's speculative claim that the remark, apparently made while the prosecutor was en route to a sidebar conference, was heard by anyone other than the defense counsel. In any event, even if it is assumed that the remark was overheard by one or more members of the jury, we find that the nature of the comment was so innocuous as to pose no risk of prejudice to the defendant (see, *People v Roopchand*, 107 AD2d 35, *affd* 65 NY2d 837; *People v Geddes*, 134 AD2d 279), and any perceived error was harmless in view of the overwhelming evidence of his guilt (see, *People v Crimmins*, 36 NY2d 230; *People v Dewindt*, 156 AD2d 706). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.