■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENDER LEE JAMES, Appellant. [599 NYS2d 1005] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered October 30, 1991, convicting him of burglary in the second degree, rape in the first degree (two counts), reckless endangerment in the second degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the rape and assault of his former wife. Although the defendant was arrested in his home without a warrant, his consent to the entry of the police vitiated any violation of the rule of *Payton v New York* (445 US 573; *see also, People v Levan,* 62 NY2d 139; *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854). Further, the court correctly found that the defendant knowingly and voluntarily waived his *Miranda* rights before giving any statements to the police *(see, People v Maerling,* 64 NY2d 134; *People v Ricco,* 56 NY2d 320) and did not improvidently exercise its discretion in rendering its *Sandoval* ruling *(see, People v Pavao,* 59 NY2d 282; *People v Sandoval,* 34 NY2d 371; *People v Dupree,* 157 AD2d 847; *People v Taylor,* 135 AD2d 848). Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review

power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court properly exercised its discretion in sentencing the defendant as a persistent felony offender (see, CPL 400.20 [1]; Penal Law § 70.10; *People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982; *People v Drummond,* 104 AD2d 825) and we decline to modify the sentence as a matter of discretion (see, *People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either not preserved for appellate review or without merit. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.