■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRAUN, Appellant. [606 NYS2d 469] —Judgment unanimously affirmed. Memorandum: The court erred in allowing the People's expert psychiatric witness to testify at length that, in his opinion, defendant had not been truthful when he told the psychiatrist about the same incidents to which defendant had testified to the jury. The basis for the psychiatrist's opinion is an important factor in the jury's evaluation of his expert opinion *(see, Matter of Lee v County Ct.,* 27 NY2d 432, 441). The court, however, had to balance the jury's need to be informed of the basis for the expert's opinion against the prejudice to defendant resulting from expert testimony that defendant was not credible. In this case, the detailed testimony of the psychiatrist exceeded the foundation necessary to establish the basis for the expert's opinion and invaded the province of the jury to determine defendant's credibility *(see, e.g., People v Ciaccio,* 47 NY2d 431, 439). The court's admonition to the jury was insufficient to correct the error. That error was harmless, however, because, in light of the strength of the People's case, "there is [no] significant probability * * * that the jury would have acquitted the defendant had it not been for the error * * * which occurred" *(People v Crimmins,* 36 NY2d 230, 242).

Defendant's right of confrontation was violated when the same psychiatric witness was permitted to testify, based on statements in an investigator's report, about alleged incidents of violence committed by defendant against three women. None of those women was interviewed by the witness and neither the women nor the investigator testified at trial. Although the court erred in admitting that testimony *(see, People v Sugden,* 35 NY2d 453, 460), the error was harmless *(see, People v Crimmins, supra,* at 237).

We reject defendant's contention that his conviction for attempted murder was against the weight of the evidence. It was defendant's burden to establish the affirmative defense of extreme emotional disturbance by a preponderance of the evidence (Penal Law § 25.00 [2]; *People v Patterson,* 39 NY2d 288, 301, *affd* 432 US 197). The verdict, which reflects that he did not meet that burden, is in all respects supported by the

record and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We also reject defendant's contention that he was deprived of a fair trial because of prosecutorial misconduct. The few instances of misconduct that are preserved for our review did not deprive defendant of a fair trial *(see, People v Vega,* 183 AD2d 864, 865, *lv denied* 80 NY2d 911; *see generally, People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837).

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Balio, Doerr and Boehm, JJ.