■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RICH, Appellant. [614 NYS2d 545] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 24, 1991, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, we find that the County Court did not err in denying the branches of his motion which were to suppress physical evidence and inculpatory statements. The record demonstrates that the arresting detective had ample probable cause to place the defendant's companion under arrest for armed robbery, that the detective had a prior familiarity with the defendant from a previous robbery investigation, and that he also was aware of a tip which the police had received indicating that the defendant's companion and another male intended to commit a robbery at a nearby location on that date. Inasmuch as the detective's belief that the defendant might be armed was reasonable and he testified that he was concerned for his own safety and sought to effect the arrest of the defendant's companion in a crowded restaurant without incident, we find that the minimally-intrusive conduct of frisking the defendant was reasonable and lawful under the totality of the circumstances (see, People v Nelson, 179 AD2d 784; People v Burgos, 175 AD2d 211; People v Jenkins, 87 AD2d 526; see generally, People v Salaman, 71 NY2d 869; People v Harry, 187 AD2d 669; People v Davis, 166 AD2d 604).

Furthermore, we agree with the People's contention that, even if the initial police conduct in this case had been unlawful, the defendant's subsequent statements and the sneakers taken from him would not have been subject to suppression. After the police showed the defendant a bank surveillance photograph depicting the defendant in the bank during the course of the robbery, the defendant made inculpatory statements. Thus, the hearing record demonstrates that any purported taint had dissipated because independent probable cause for the arrest existed. Further, several hours had passed, and *Miranda* warnings had been administered before the defendant was questioned *(see, People v Conyers,* 68 NY2d 982; *People v Wilson,* 57 NY2d 786; *People v Jackson,* 178 AD2d 438; *People v Paden,* 158 AD2d 554; *People v Jones,* 151 AD2d 695; *People v Sanders,* 122 AD2d 86).

The contentions set forth in the defendant's *pro se* brief are not properly before this Court or are without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.