■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE TREADWELL, Appellant. [616 NYS2d 127] —Judgment unanimously affirmed. Memorandum: On appeal, after a joint trial, from judgments convicting them of burglary in the third degree, possession of burglar's tools, and petit larceny, defendants contend that the evidence is legally insufficient to prove beyond a reasonable doubt that they constructively possessed burglar's tools. We disagree. We conclude that the evidence in this wholly circumstantial evidence case, viewed in the light most favorable to the People, excludes to a moral certainty every reasonable hypothesis but that of guilt and is inconsistent with innocence *(see, People v Ford,* 66 NY2d 428, 441-442; *cf., People v Orta,* 184 AD2d 1052, 1053). Additionally, we are satisfied that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

County Court erred in admitting the Tops' Market grocery receipt into evidence *(see, People v Alvino,* 71 NY2d 233, 247) but that error is harmless in view of the overwhelming evidence of defendants' guilt. There is no significant probability that the jury would have acquitted defendants but for that error *(see, People v Crimmins,* 36 NY2d 230, 242).

Defendants failed to preserve for review the contention that the prosecutor engaged in misconduct that deprived defendants of a fair trial *(see,* CPL 470.05 [2]). In any event, that contention lacks merit *(see, People v Galloway,* 54 NY2d 396, 401; *People v Braun,* 199 AD2d 993, 994; *People v Vega,* 183 AD2d 864, 865, *lv denied* 80 NY2d 911; *see generally, People v Roopchand,* 107 AD2d 35, 36-37, *affd* 65 NY2d 837).

Defendants further contend that the court should have severed their cases for trial. Defendant Larrabee has failed to preserve that issue for review because he did not move for a separate trial *(see,* CPL 470.05 [2]). Defendants Calhoun and Treadwell moved for separate trials on the grounds that each would be prejudiced if a codefendant testified and would be further prejudiced because of the extensive criminal records of the codefendants. We conclude that the court did not abuse its discretion in denying the respective motions. Defendants were charged with the same criminal conduct in connection with the same incident and defendants do not argue that "each

defense is in irreconcilable conflict with the other" and "that the conflict alone would lead the jury to infer [each] defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184; *see also, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905).

We reject the contentions of defendant Larrabee that the court erred in denying his request to proceed *pro se (see, People v Smith,* 68 NY2d 737, 738, *cert denied* 479 US 953) and that he was denied effective assistance of counsel *(see, People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709).

Defendants Calhoun and Treadwell have not preserved for review their contentions that the People were required to produce the radio dispatcher at the suppression hearing *(cf., People v Landy,* 59 NY2d 369, 374). Neither defendant challenged the reliability of the dispatcher's information either in the motion papers or at the suppression hearing *(see, People v Landy, supra; see also, People v Lypka,* 36 NY2d 210, 213). We decline to review the issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Lastly, the record reveals that each defendant was properly adjudicated a persistent felony offender *(see,* CPL 400.20; Penal Law § 70.10 [1]; *People v James,* 194 AD2d 692, 693, *lv denied* 82 NY2d 720; *People v Drummond,* 104 AD2d 825). (Appeal from Judgment of Oswego County Court, Auser, J.—Burglary, 3rd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.