■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MCFADDEN, Appellant. [648 NYS2d 1022] —Appeal by the defendant from (1) two judgments of the Supreme Court, Queens County (O'Dwyer, J.), both rendered June 4, 1992, convicting him of robbery in the first degree and robbery in the second degree (under Indictment No. 4230/90), and attempted robbery in the first degree and attempted robbery in the second degree (two counts) (under Indictment No. 4409/90), upon a jury verdict, and imposing sentence, and (2) two judgments of the same court both rendered October 15, 1992, convicting him of robbery in the first degree (three counts) (two counts under Indictment No. 4230/90 and one count under Indictment No. 4409/90), robbery in the second degree (six counts) (four counts under Indictment No. 4230/90 and two counts under Indictment No. 4409/90), criminal possession of stolen property in the third degree under Indictment No. 4409/90, and criminal possession of stolen property in the fifth degree under Indictment No. 4230/90, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgments are affirmed.

The defendant did not oppose the People's motion to consolidate the trials of the two indictments, nor did he join in codefendant William Leigh's motion to sever the trials. Thus, the

claim that consolidation was improper, made for the first time on appeal, is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Treadwell,* 206 AD2d 861).

We have considered the defendant's remaining contentions and find them to be without merit *(People v Rich,* 206 AD2d 443; *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.