■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BODDINGHAM, Appellant. [689 NYS2d 667] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered June 6, 1996, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 25 years to life on the convictions of robbery in the first degree, to run consecutive to each other and concurrently with the determinate term of one year imprisonment imposed on the conviction of criminal possession of a weapon in the fourth degree. The appeal brings up for review the denial, after a hearing (Thomas, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by providing that the terms of imprisonment imposed on the robbery convictions are reduced to 15 years to life; as so modified, the judgment is affirmed.

The defendant was convicted of two knife-point robberies of livery cab drivers. His challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Vega,* 183 AD2d 864). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of each robbery beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the photographic array shown to one of the complainants was not unduly suggestive (*see, People v Pinckney,* 220 AD2d 539; *People v Baptiste,* 201 AD2d 659). Consequently, the hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress that complainant's testimony regarding his subsequent identification of the defendant at a lineup or his in-court identification testimony.

The defendant's sentence was excessive to the extent indicated herein. O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.