■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BURKE, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 25, 1985, convicting him of murder in the

second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered March 18, 1985, denying his motion to vacate the judgment.

Ordered that the judgment and order are affirmed.

The defendant was convicted of murdering Richard Eaton, largely on the basis of the testimony of Henry Hill, who had long been a friend and business associate of the defendant. Hill turned State's evidence after he found out that there was a contract on his life. He testified in several Federal prosecutions prior to his testimony in the instant trial. The defendant contends that the admission into evidence of Hill's cooperation agreement with the Federal Government deprived him of a fair trial. However, during the trial, the defense counsel questioned Hill extensively about his cooperation arrangement and about the amount of money he had received from the Federal Government and municipal agencies after he entered the Federal Witness Protection Program. The prosecutor then introduced the agreement in evidence in order to explain that the moneys were received as part of the agreement, and included relocation and travel expenses for Hill and his family. This was not improper in view of the extensive questioning by the defense counsel regarding Hill's receipt of Government funds. The agreement was also relevant in that it provided the basis for Hill's testimony in the Federal prosecutions which had been referred to during trial.

The defendant complains that the prosecutor's comments on the agreement during summation exacerbated the prejudice caused by admitting the agreement into evidence. However, the defendant failed to preserve this issue properly in that the defense counsel failed to remind the court to instruct the jury with respect to the letter of immunity, as the court had promised to do, and instead requested a totally inappropriate instruction (see, People v Whalen, 59 NY2d 273). Additionally, the appropriateness of the prosecutor's summation must be viewed with reference to the defendant's summation which preceded it (see, People v Singleton, 121 AD2d 752). In the instant case, the prosecutor's summation constituted a fair response to the defendant's summation. The defense counsel's summation invited a strong response by virtue, inter alia, of repeated references to Hill as "the devil". Furthermore, the defense counsel himself mentioned the Federal cooperation agreement during his summation. Thus, he should not be heard to complain about the prosecutor also commenting on it.

The defendant objects for the first time on appeal to the prosecutor's comments during summation, allegedly referring to his failure to testify. Those comments were not express references to the defendant's failure to testify. Accordingly, there was no fundamental error. The question of whether there were any other improprieties in those comments was not preserved for review, and we decline to exercise our interest of justice jurisdiction to reach it (CPL 470.15 [3]).

The defendant asserts on appeal that the court erred in not charging the jury that Hill was an accomplice, and, therefore, that his testimony had to be corroborated. Initially, we note that the defendant requested an accomplice charge only insofar as the testimony regarding cocaine was concerned, not with respect to the murder. Therefore, this issue has not been preserved for appellate review. In any event, there was no evidence that Hill was potentially liable for the murder or participated in it in any way. Therefore, an accomplice charge would not have been appropriate (CPL 60.22 [2]).

The defendant further contends on appeal that the prosecutor improperly vouched for Hill's credibility by making certain comments during cross-examination when the defense counsel questioned Hill regarding his arrests for driving while intoxicated, and that the court's curative instructions were inadequate. The defendant failed to request any further instructions; therefore, the issue has not been preserved for appellate review (CPL 470.05 [2]).

The defendant maintains that there was insufficient evidence to prove his guilt beyond a reasonable doubt because Hill's testimony that the defendant told him he "whacked * * * out" Eaton was susceptible to various possible interpretations. However, Hill testified that the term "whacked out" meant that the defendant murdered Eaton. This testimony, which was apparently credited by the jury, sufficed to support a finding of guilt.

The defendant's claim of ineffective assistance of counsel is without merit. The defense counsel aggressively and competently defended his client at trial. While the trial may not have been totally error free, and counsel's performance may not have been flawless, his performance was not such as to deprive the defendant of meaningful representation (see, People v Baldi, 54 NY2d 137).

The defendant's remaining contentions have been considered and found to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.