Monroe County, Curran, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ City of Rochester, Plaintiff, v Holmsten Ice Rinks, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Frank L. Ciminelli Construction Co., Inc., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with same memorandum as in *City of Rochester v Holmsten Ice Rinks* ([appeal No. 1] 155 AD2d 939 [decided herewith]). (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ The People of the State of New York, Respondent, v Marcelino Rivera, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of criminal possession of a controlled substance in the first degree (Penal Law § 220.43 [1]) was based on legally insufficient proof and was against the weight of the evidence. From our review of the record, we find that the evidence provides a valid line of reasoning to support the verdict reached by the jury and find no basis to conclude that the jury erred in weighing the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant further contends that reversible error was committed when the prosecutor introduced into evidence the agreement between the Federal Government and John Drennan prior to any challenge by the defense to Drennan's credibility. Although the agreement contained a promise by Drennan to testify truthfully, its admission did not constitute impermissible bolstering of his credibility *(see, United States v Dadanian,* 818 F2d 1443, 1445 [9th Cir]; *United States v Machi,* 811 F2d 991, 1003 [7th Cir]; *United States v Townsend,* 796 F2d 158, 162-163 [6th Cir]; *United States v Binker,* 795 F2d 1218, 1223 [5th Cir], *cert denied* 479 US 1085; *United States v Oxman,* 740 F2d 1298, 1302-1303 [3d Cir], *vacated and remanded on other grounds sub nom. United States v Pflaumer,* 473 US 922; *United States v McNeill,* 728 F2d 5, 15 [1st Cir]; *United States v Henderson,* 717 F2d 135, 137-138 [4th Cir], *cert denied* 465 US 1009; *but see, United States v Cosentino,* 844 F2d 30 [2d Cir], *cert denied* — US —, 109 S Ct 303). Introduction of the agreement, which impeached his credibility by indicating his interest in testifying and bolstered it by providing that he would testify truthfully, enabled the jury to assess the witness's credibility more accurately *(see, United*

*States v Townsend, supra; United States v McNeill, supra).* Moreover, if there was any error in admission of the agreement, it must be viewed as harmless. The prosecutor introduced the agreement into evidence at the close of his direct examination, but he did not otherwise elicit any information concerning Drennan's promise to testify truthfully. On cross-examination defense counsel attacked Drennan's credibility based on his plea arrangement. Defendant concedes that at that point the entire agreement would have been admissible *(see, United States v Borello,* 766 F2d 46 [2d Cir]). The record establishes that the jury was never made aware of the bolstering aspects of this agreement until after defense counsel's attack on Drennan's credibility. The proof of defendant's guilt was overwhelming, and there was no significant probability that but for the alleged error the jury would have acquitted defendant *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 241-242).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.