■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CHERRY, Appellant.—Judgment of the Supreme Court, New York County (Robert M. Haft, J., at suppression hearing, jury trial and sentence), rendered on January 13,

1988, convicting defendant of manslaughter in the second degree (Penal Law § 125.15) and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

Defendant was taken into custody after the detective investigating the murder became aware that defendant would be arraigned on an unrelated matter. The detective informed the court, the Legal Aid attorney and the Assistant District Attorney on the unrelated matter that defendant was a suspect in the murder. After a bench conference and defendant's arraignment on that matter, defendant was released on his own recognizance, arrested by the detective, taken to a precinct and identified by an eyewitness in a lineup.

The Legal Aid attorney on the unrelated matter declined the detective's offer to be present at the lineup. Defendant then presented the detective with the card of one he referred to as his attorney. The detective left several messages, over the course of a two-hour period, with the attorney's secretary, who indicated that she had "beeped" the attorney several times but received no response. After approximately three hours, defendant was placed in the lineup without the benefit of counsel.

Under these circumstances, there was no violation of defendant's constitutional right to counsel. The Court of Appeals, in *People v Hawkins* (55 NY2d 474, 487), held that "the State has no obligation to supply counsel at investigatory lineups". The court noted that although a suspect's attorney may not be excluded from the lineup proceedings, "[t]hat does not mean, however, that the police must notify counsel of an impending investigatory lineup or that counsel is entitled to a lengthy adjournment at this stage of the investigatory process." *(Supra, at 487.)* Here, the officer made repeated attempts to notify defendant's attorney of the impending lineup, which is all that the law required. *(People v Coates, 74 NY2d 244, 249.)*

Furthermore, defendant's right to counsel did not attach at the lineup, since there was no court-ordered direction that he be placed in a lineup. The court on the unrelated matter merely released defendant. That defendant was escorted out of the courtroom by court officers, and eventually delivered to the detective, did not constitute the type of judicial activity necessary to trigger his right to counsel. *(People v Sugden, 35 NY2d 453.)*

Also unavailing is defendant's argument that the People were improperly allowed to admit into evidence, on redirect

examination of a government witness, the cooperation agreement pursuant to which the witness's testimony was obtained. Recognizing that there are both bolstering and impeaching aspects of a cooperation agreement, it has been held that the People should not be permitted to introduce, on their direct case, any bolstering aspects of the agreement, unless there has been an attack on the witness's credibility. *(United States v Consentino,* 844 F2d 30, 32.) Here, defense counsel attacked the credibility of the government's witness, during his opening statement, by characterizing him as a "turn-coat". Accordingly, the People's use of the bolstering aspects of the cooperation agreement to rehabilitate the witness, on their direct case, was not improper. Moreover, the subsequent introduction of the entire written agreement, on the People's redirect examination of the witness, created no prejudice, given defense counsel's cross-examination of the witness with respect to the agreement. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.