■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO LA TORRES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSARIO, Appellant.—Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J., at pretrial hearing, jury trial and sentence), rendered March 7, 1991, convicting each defendant of two counts of attempted murder in the first degree, and one count each of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentencing each defendant to consecutive terms of 20 years to life on the attempted murder counts, and concurrent terms of 5 to 15 years on the second degree weapon possession count, 2⅓ to 7 years on the third degree weapon possession count, and 2⅓ to 7 years on the reckless endangerment count, all to run concurrently with the consecutive terms imposed on the attempted murder counts, unanimously affirmed.

The trial court appropriately conducted a pretrial hearing to determine the admissibility on the People's direct case of prior Grand Jury testimony of a witness deceased at the time of trial, upon the People's allegations suggesting a distinct

possibility that misconduct of the defendants caused the witness' demise (see, *United States v Mastrangelo,* 693 F2d 269, *cert denied* 467 US 1204). The trial court's crediting of the cooperating informant's testimony, supported by the hearing record, will not be disturbed by this Court (see, *People v Prochilo,* 41 NY2d 759, 761). We find further that the trial court appropriately applied the clear and convincing evidence standard of proof at the hearing (see, *Matter of Holtzman v Hellenbrand,* 92 AD2d 405, 415). Under this standard, we agree with the trial court's determination that the People proved defendants or one acting in their behalf caused the death of an eyewitness to the shooting spree herein prior to trial, thereby forfeiting their right to confrontation and allowing admission of the prior Grand Jury testimony of the deceased witness on the People's direct case (see, *People v Hamilton,* 70 NY2d 987).

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendants' guilt of the crimes charged was supported by overwhelming evidence (see, *People v Bleakley,* 69 NY2d 490). As for defendant La Torres' effort to portray himself as an unsuspecting occupant of the vehicle from which the shots were fired at Police Officers Rutter and Nivar on the Harlem River Drive, the driver testified that he had seen La Torres, one of the two other occupants in the car, holding a gun on 145th Street and the ballistics evidence showed that two weapons were used to shoot at the officers. Moreover, spent shells recovered from the Drive were shown to have been fired from a gun other than the one used by defendant Rosario to shoot at the police officers. The only reasonable conclusion was that those shots were fired by La Torres. Finally, La Torres' decision to flee with Rosario and the evidence of his complicity in the plot to have the driver killed evidenced his consciousness of guilt.

The record indicates that the trial court duly apprised all parties of noted sleeping and bizarre behavior of a sitting juror and invited, but did not receive, objection to dismissal of that juror as obviously grossly unqualified to continue service. In these circumstances, the trial court properly exercised its discretion in dismissing the unqualified juror without conducting what would be a meaningless inquiry of that juror (see, *People v Russell,* 112 AD2d 451, 453).

The trial court did not abuse its discretion in imposing the sentences herein, lawful under Penal Law § 70.25.

We have reviewed defendants' additional claims of error and find them to be either unpreserved or without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.