■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CRUZ, Appellant. [599 NYS2d 808] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 6, 1990, convicting defendant, after a jury trial of criminal possession of a weapon in the second degree, assault in the second degree and reckless endangerment in the first degree, and sentencing him, as a predicate felony offender, to concurrent terms of 7½ to 15 years and 3½ to 7 years to run consecutive to a term of 3½ to 7 years, respectively, unanimously affirmed, except as to the sentence imposed on the

reckless endangerment count, as to which the appeal is held in abeyance and the matter remanded to the sentencing court to clarify whether the sentence on the reckless endangerment count is meant to run consecutively to the sentence on the assault count or to the sentence on the weapon possession count.

At the *Mastrangelo* hearing *(United States v Mastrangelo,* 693 F2d 269), the People established by clear and convincing evidence that defendant's misconduct contributed to the victim's unavailability at the trial. Thus, defendant forfeited his right to confront witnesses, thereby allowing for the introduction of the deceased victim's Grand Jury testimony *(People v La Torres,* 186 AD2d 479, *lv denied* 81 NY2d 842). We find no significance in the evidence that defendant did not direct his brother to kill the victim but only to discourage his availability for trial, the relevant consideration being that defendant improperly set in motion the chain of events that led to the witness's unavailability.

Defendant's claim, raised for the first time on appeal, that introduction of former testimony is governed exclusively by CPL 670.10 is unpreserved for review *(see, People v Claudio,* 130 AD2d 759, *lv denied* 70 NY2d 873), and we decline to review in the interest of justice.

Although the prosecutor, pursuant to the court's direction, redacted a reference to defendant's parole status in the videotaped confession, an additional reference to parole, which apparently had been overlooked by both sides, was left unredacted. Given the absence of bad faith on the part of the prosecutor, the limited and unclear nature of the reference, the curative relief provided by the court, and the overwhelming evidence of guilt, there is no merit to defendant's argument that this reference to his parole status deprived him of a fair trial *(see, People v Almonte,* 170 AD2d 267, *lv denied* 77 NY2d 991).

Since the reckless endangerment conviction arose out of defendant's firing a gun toward police officers, an act that was independent of his shooting of the victim, consecutive sentences for these offenses could properly be imposed. However, in imposing sentence, the sentencing court did not make clear that the sentence for the reckless endangerment conviction was being imposed consecutively only to the sentence for the assault conviction, and it appears that such sentence might have been meant to run consecutively to the sentences imposed for both the assault and the weapons possession convic-

tions. Since the weapons possession conviction and the reckless endangerment conviction arose out of a single act, the sentences for these convictions would have to run concurrently (Penal Law § 70.25 [2]). In view of this ambiguity, we remand to the sentencing court to clarify the basis for the imposition of consecutive sentences. We do not otherwise disturb the sentence. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.