■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM GIBBS, Appellant. [618 NYS2d 813] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered April 22, 1992, convicting defendant, after a jury trial, of 5 counts of grand larceny in the third degree, 10 counts of criminal possession of a forged instrument in the second degree and 13 counts of unlawful use of slugs in the first degree, scheme to defraud in the first degree, and conspiracy in the fifth degree, and sentencing him to an aggregate term of 6 to 12 years, unanimously affirmed.

There is no merit to defendant's contention that he was deprived of a fair trial when the prosecutor peremptorily challenged four prospective black jurors. The record reveals that the prosecution articulated adequate race neutral explanations for its challenge to these jurors *(People v Roberts,* 208 AD2d 410; *see, People v Doran,* 195 AD2d 364). The trial court did not improvidently exercise its discretion in summarily denying defense counsel's mid-trial request for a suppression hearing in light of defense counsel's failure to offer an adequate explanation as to why his request for a suppression hearing could not have been made earlier (CPL 255.20 [3]; *People v Anderson,* 201 AD2d 658, *lv denied* 83 NY2d 868). Defendant's claim of improper bolstering concerning the prosecutor's use of the cooperation agreements of two witnesses is not preserved for appellate review as a matter of law, and we decline to review it in the interest of justice *(People v Clarke,* 81 NY2d 777). In any event, the prosecutor properly elicited the terms of the agreements of the cooperating witnesses to enable the jury to assess the witnesses' credibility *(People v Rivera,* 155 AD2d 941, *lv denied* 75 NY2d 817; *see, People v Burke,* 128 AD2d 542, *affd* 72 NY2d 833).

Defendant's failure to object to the court's "two inference"

charge constitutes a waiver of this claim for appellate review as a matter of law *(People v Evans,* 192 AD2d 337, *lv denied* 81 NY2d 1072), and we decline to review it in the interest of justice. Were we to review, we would find that the court's charge, as a whole, conveyed the appropriate burden of proof and did not suggest defendant could be convicted on proof less than beyond a reasonable doubt.

Finally, we do not perceive any abuse of discretion by the sentencing court. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.