■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HAYES, Also Known as BROOKLYN, Appellant. [642 NYS2d 118] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in permitting the People to introduce into evidence the terms of the cooperation agreement with the codefendant, who testified on behalf of the People. We disagree. In his opening statement, defense counsel had attacked the credibility of the codefendant by pointing out his interest in testifying and his motive to fabricate. In response, the People were properly permitted to elicit the bolstering aspect of the cooperation agreement, i.e., the promise by the codefendant to testify truthfully (*see, United States v Cosentino*, 844 F2d 30, 32-33, *cert denied* 488 US 923; *People v Cherry*, 161 AD2d 185, 187, *lv denied* 76 NY2d 854; *see also, People v Gibbs*, 210 AD2d 4, *lv denied* 85 NY2d 938; *People v Rivera*, 155 AD2d 941, *lv denied* 75 NY2d 817; *People v Burke*,

128 AD2d 542, *affd* 72 NY2d 833, *rearg denied* 72 NY2d 953). Further, it was not error to allow the codefendant's attorney to testify concerning the terms of the cooperation agreement; he had personal knowledge of the facts and did not testify as an expert.

We have reviewed the remaining contentions raised by defendant and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.