■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Also Known as ALLEN GONZALEZ, Appellant. [660 NYS2d 1004] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered October 19, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court improvidently exercised its discretion by denying his motion for a mistrial after evidence of his involvement in an uncharged crime was admitted during the cross-examination of one of the People's witnesses. While evidence of uncharged crimes generally should not be admitted (see, People v Lewis, 69 NY2d 321; People v Molineux, 168 NY 264), any potential prejudice to the defendant here was alleviated by the court's curative instructions (see, People v Ortiz, 54 NY2d 288; People v Santiago, 52 NY2d 865; People v Caban, 224 AD2d 705). Therefore, the court properly denied the defendant's motion for a mistrial.

The court properly refused to redact those portions of the defendant's videotaped statement which addressed the issue of motive or were inextricably interwoven with otherwise admissible portions of his statement (see, People v Ely, 68 NY2d 520; People v Molineux, supra). While part of the videotape should have been redacted, any potential prejudice that might have resulted was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Foster, 211 AD2d 640; People v Cruz, 194 AD2d 488).

The defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]) and, in any event, without merit (see, People v Ashwal, 39 NY2d 105; People v Elliot, 216 AD2d 576; People v Bartolomeo, 126 AD2d 375). Thompson, J. P., Joy, Altman and Florio, JJ., concur.