■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DEJESUS, Appellant. [668 NYS2d 882] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered January 5, 1994, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent

felony offender, to concurrent terms of 25 years to life and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Defendant was not deprived of the right to counsel at his lineup where the police, prior to conducting the procedure, made reasonable efforts to contact defendant's counsel, by repeatedly calling the telephone numbers that he had left and leaving messages for him. Moreover, counsel, despite being aware of the impending lineup, never requested that the procedure be postponed to a more convenient time and absented himself from the location at which he had requested to be contacted (*see, People v McRae*, 195 AD2d 180, 187, *lv denied* 83 NY2d 969; *People v Cherry*, 161 AD2d 185, *lv denied* 76 NY2d 854).

The trial court properly excluded from evidence a 911 call made by an anonymous bystander who had not personally observed the shooting and whose statement contained, at most, a mere conclusion as to the identity of the assailant. This statement did not qualify as an excited utterance (*see, People v Edwards*, 47 NY2d 493) and lacked any probative value.

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.