■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL SANCHEZ, Appellant. [718 NYS2d 505] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of marihuana in the third degree (Penal Law § 221.20), defendant contends that the indictment was duplicitous because it failed to state whether

defendant was charged as a principal or as an accomplice or whether he actually or constructively possessed the marihuana; that County Court erred in denying defendant's motion to compel the People to specify the foregoing matters in a bill of particulars; that defendant's statements should have been suppressed on Fourth Amendment grounds; and that references in defendant's statements to uncharged crimes should have been redacted by the court on *Molineux* grounds.

The indictment was not duplicitous or otherwise defective, and thus the court did not err in denying the motions to dismiss it or to compel the People to provide further particulars. The People are not required to specify in an indictment whether defendant is charged as a principal or an accomplice (see, *People v Rivera,* 84 NY2d 766, 769; *People v Guidice,* 83 NY2d 630, 637). Further, there is no legal distinction between constructive possession of drugs and complicity in another's actual possession (*see generally, People v Manini,* 79 NY2d 561, 569-573; *People v Keitt,* 42 NY2d 926, 927; *People v Cielock,* 217 AD2d 1001, 1002, *lv denied* 86 NY2d 841).

The court properly refused to suppress defendant's statements. Although police lacked probable cause at the time of the de facto arrest, thus requiring suppression of both the small quantity of marihuana found in defendant's pocket and defendant's initial statements at the scene, the initial illegality did not preclude police from rearresting defendant upon ascertaining that the bag thrown by defendant into the dumpster contained marihuana. Moreover, the taint of the foregoing illegality had been dissipated by the time police questioned defendant at the station two hours later. By that time, police had acquired probable cause independently by their seizure of the abandoned marihuana, and had reread defendant his *Miranda* warnings (*see, People v Smith,* 275 AD2d 951; *People v Russell,* 269 AD2d 771, 771-772; *see generally, Brown v Illinois,* 422 US 590, 603-604; *People v Rogers,* 52 NY2d 527, 532-533, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898; *People v Dyla,* 142 AD2d 423, 430-431, *lv denied* 74 NY2d 808).

Any error in failing to redact references to uncharged crimes from defendant's statements is harmless under the circumstances of this case (*see, People v Hernandez,* 240 AD2d 759, *lv denied* 90 NY2d 905; *People v Foster,* 211 AD2d 640, 640-641, *lv denied* 85 NY2d 909). (Appeal from Judgment of Genesee County Court, Noonan, J.—Criminal Possession Marihuana, 3rd Degree.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.