THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA GOODWIN, Appellant. [733 NYS2d 319] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that police illegally searched his residence on two occasions and subsequently illegally arrested him. He contends that police observations, tangible evidence, and his incriminating statement must be suppressed as the unattenuated by-products of those alleged Fourth Amendment violations.

The initial entry into defendant's residence was justified by exigent circumstances (*see, People v Knapp,* 52 NY2d 689, 695-696; *People v Clements,* 37 NY2d 675, 679, *cert denied sub nom. Metzger v New York,* 425 US 911; *see also, People v Love,* 84 NY2d 917, 918-919; *People v Mitchell,* 39 NY2d 173, 177-178, *cert denied* 426 US 953). The blood evidence and weapon were in plain view therein and thus were lawfully seized by police (*see, People v Brown,* 96 NY2d 80, 88). Although police improperly seized identification evidence from defendant's wallet, the information derived therefrom, identifying defendant as a resident of the apartment being searched, would inevitably have been discovered by police, and in fact subsequently was obtained by them from a variety of independent sources

(see generally, People v Turriago, 90 NY2d 77, 85, rearg denied 90 NY2d 936; People v Gethers, 86 NY2d 159, 161-162). In any event, any error in the admission of such evidence against defendant at trial is harmless beyond a reasonable doubt (see, Chambers v Maroney, 399 US 42, 52-53, reh denied 400 US 856; People v Russo, 201 AD2d 940, 941, lv denied 83 NY2d 857, cert denied 513 US 889); the written confession by defendant to the attack and his oral inculpatory statements to his friends were admitted in evidence, and defendant testified at trial, admitting his part in the attack.

The subsequent search of defendant's residence was lawfully undertaken based upon the express consent of defendant's live-in girlfriend (see, People v Adams, 53 NY2d 1, 10-11, rearg denied 54 NY2d 832, cert denied 454 US 854; see also, Illinois v Rodriguez, 497 US 177, 179; People v Gonzalez, 88 NY2d 289, 294-295).

Although defendant was unlawfully arrested without probable cause, his confession was not obtained until six hours later, after police had acquired probable cause from various independent sources, thereby dissipating the taint of the illegal arrest (see, Brown v Illinois, 422 US 590, 603-604; People v Smith, 275 AD2d 951, lv denied 96 NY2d 739; People v Sanchez, 278 AD2d 889, lv denied 96 NY2d 763; People v Russell, 269 AD2d 771; People v Herner, 212 AD2d 1042, 1043-1044, lv denied 85 NY2d 974).

Defendant additionally contends that County Court erred in refusing to preclude a certain witness from identifying him based on the People's failure to give timely notice pursuant to CPL 710.30. That witness ultimately did not testify at trial, and thus any error is harmless. (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.