■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL PEREZ, Also Known as POPPO, Appellant. [738 NYS2d 915] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered December 11, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3]), burglary in the first degree (Penal Law § 140.30 [2], [3]), and conspiracy in the fourth degree (Penal Law § 105.10 [1]) and sentencing him to an aggregate term of incarceration of 27 years to life. Supreme Court properly refused to require the prosecution to specify whether defendant was charged as a principal or an accessory (*see, People v Sanchez,* 278 AD2d 889, 890, *lv denied* 96 NY2d 763; *People v Skinner,* 251 AD2d 1013, *lv denied* 92 NY2d 930, 1038). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The People did not violate the rule of completeness (*see, People v Walker,* 285 AD2d 364, *lv denied* 97 NY2d 643; *People v Vega,* 276 AD2d 349, *lv denied* 96 NY2d 764; *see generally, People v Dlugash,* 41 NY2d 725, 736; *People v La Belle,* 18 NY2d 405, 410-411; *People v Gallo,* 12 NY2d 12, 15) by seeking to introduce only a portion of a letter written by defendant where they did not possess the remaining portion of the letter. There was no improper bolstering in the admission of testimony concerning cooperation agreements between the People and various witnesses (*see, People v Hayes,* 226 AD2d 1055, *lv denied* 88 NY2d 936; *People v Gibbs,* 210 AD2d 4, *lv denied* 85 NY2d 938; *People v Cherry,* 161 AD2d 185, 186-187, *lv denied* 76 NY2d 854; *People v Rivera,* 155 AD2d 941, *lv denied* 75 NY2d 817). Nor did the court err in permitting a co-conspirator to testify concerning conversations in which defendant and others planned the crime (*see, People v Rastelli,* 37 NY2d 240, 244-245, *cert denied* 423 US 995; *see also, People v Berkowitz,* 50 NY2d 333, 341). Finally, we reject defendant's challenges to the severity of the sentence and to the constitutionality of New York's second felony offender sentencing scheme (*see, People v Rosen,* 96 NY2d 329, 334-335, *cert denied* — US —, 122 S Ct 224; *People v Waller* [appeal No. 1], 288 AD2d 950). Present— Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.