THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT SANTANA, Appellant. [865 NYS2d 452]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 24, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, one count of murder in the second degree (Penal Law § 125.25 [3]) and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends that County Court erred in allowing the People to present the testimony of the jailhouse informant's attorney. We reject that contention. The only ground for the alleged inadmissibility of that testimony that is preserved for our review is that it was directed at a collateral issue, and that ground lacks merit (see generally People v Aska, 91 NY2d 979, 981 [1998]; People v Heslop, 48 AD3d 190, 196-197 [2007], lv denied 10 NY3d 935 [2008]). Even assuming, arguendo, that the remaining grounds advanced by defendant are preserved for our review, we conclude that they are lacking in merit as well. Contrary to defendant's contention, the informant's attorney did not testify that she or any prosecutor believed the informant or his account of defendant's crimes to be credible. Rather, she testified only that, pursuant to his cooperation agreement, the informant was required "to provide truthful cooperation" at defendant's trial in order to receive a downward departure of his federal sentence. Inasmuch as the informant had not yet testified, his attorney could not and, indeed, did not offer any opinion whether the informant had provided such truthful cooperation. We thus conclude that the attorney did not implicitly testify concerning the informant's credibility in violation of the Confrontation Clause or the advocate-witness rule (cf. United States v Roberts, 618 F2d 530 [1980]), nor did her testimony usurp the jury's function to assess the informant's credibility (see People v Hayes, 226 AD2d 1055, 1056 [1996] lv denied 88 NY2d 936 [1996]). Further, defendant raised the issue of the informant's motive for testifying and his credibility, and thus, "the People were properly permitted to elicit the bolstering aspect of the cooperation agreement, i.e., the promise by the [informant] to testify truthfully" (Hayes, 226 AD2d at 1055; see People v Perez, 292 AD2d 859, 860 [2002], lv denied 98 NY2d 679 [2002]).

Contrary to defendant's further contention, the prosecutor did not engage in prosecutorial misconduct on summation by vouching for the credibility of the informant. Rather, the prosecutor's comments were a fair response to defense counsel's attacks on the informant's credibility on summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v West, 4 AD3d 791, 792 [2004]). Defendant failed to preserve for our review his

remaining contentions with respect to alleged prosecutorial misconduct on summation (*see generally People v Romero,* 7 NY3d 911, 912 [2006]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant made only general motions to dismiss at the close of the People's case and at the close of proof and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Dennard,* 39 AD3d 1277, 1278 [2007], *lv denied* 9 NY3d 842 [2007]). In any event, that challenge lacks merit (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally id.*), and the sentence is not unduly harsh or severe. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.