THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PORCO, Appellant. [896 NYS2d 161]—

Appeal by the defendant from a judgment of the County Court, Albany County (Berry, J.), rendered December 12, 2006, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order of the Appellate Division, Third Department, entered May 10, 2007, this appeal was transferred to this Court for hearing and determination (*see* NY Const, art VI, § 4 [i]).

Ordered that the judgment is affirmed.

The defendant was convicted of murdering his father and at-

tempting to murder his mother with an axe while the victims were at home asleep in their bed.

The defendant contends on appeal that the trial court erred in permitting a detective to testify that the defendant's mother, while being treated by paramedics at her home after the attack, nodded affirmatively in response to the detective's question as to whether the defendant attacked her. Specifically, the defendant argues that the trial court erred in admitting evidence of the mother's gesture as an excited utterance under the recognized common-law exception to the rule against hearsay and, relying upon *Crawford v Washington* (541 US 36 [2004]) and *Davis v Washington* (547 US 813 [2006]), the defendant also contends that the trial court's ruling in this regard deprived him of his Sixth Amendment right of confrontation.

Here, the affirmative nod was not made spontaneously, but in response to probing, direct questions by the detective and, as such, constituted testimonial hearsay subject to exclusion from evidence in accordance with *Crawford* (*see People v Ballerstein*, 52 AD3d 1192 [2008]). Although the defendant's constitutional right of confrontation was not violated here, since his mother, unlike the declarant in *Crawford*, was available to testify at trial, the defendant correctly contends that the detective's testimony concerning the mother's gesture was not admissible on the ground that the nod constituted an excited utterance (*see People v Vasquez*, 88 NY2d 561 [1996]). In order for a statement to qualify as an excited utterance, it must be "made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication" (*People v Johnson*, 1 NY3d 302, 306 [2003]), with the utterance being "spontaneous and trustworthy" (*id.*, quoting *People v Edwards*, 47 NY2d 493, 497 [1979]). In light of the lapse of time between the attack on the defendant's mother, and her responses to the detective's questions, the nod in question cannot be deemed an excited utterance.

Although the detective should not have been permitted to testify that the defendant's mother identified the defendant, any error in admitting that evidence was harmless in light of the overwhelming evidence of the defendant's guilt without reference to the error and the absence of any substantial probability that the error might have contributed to his conviction (*see People v Crimmins*, 36 NY2d 230 [1975]; *see also People v Leon*, 209 AD2d 342, 343 [1994]).

We reject the defendant's contention that he was deprived of a fair trial by the trial court's ruling that certain limited, uncharged crime evidence could be introduced to prove his

identity as the perpetrator of the crimes of which he was convicted here. "[A]lthough evidence of uncharged crimes is inadmissible to show a defendant's criminal predisposition (*People v Allweiss*, 48 NY2d 40; *People v Vails*, 43 NY2d 364; *People v Fiore*, 34 NY2d 81; *People v Agront*, 104 AD2d 821), if the same is offered for another relevant purpose (such as to establish identity of the perpetrator of the crime being tried), it will generally be allowed (*People v Jackson*, 39 NY2d 64; *People v Condon*, 26 NY2d 139; *People v Molineux*, 168 NY 264)" (*People v Powell*, 107 AD2d 718, 719 [1985]).

In this case, the defendant's identity as the perpetrator was at issue, and the proof that the defendant engaged in a pattern of staging crimes at his parents' home to make it appear as though there had been break-ins, was sufficiently unique to make the uncharged crime evidence highly probative on that issue (*see People v Beam*, 57 NY2d 241, 253 [1982]; *People v Allweiss*, 48 NY2d 40, 47-48 [1979]). Further, it is evident that the trial court properly balanced the probative value of this limited evidence against the potential for prejudice, as most of the uncharged crime evidence which the People sought to introduce was precluded from admission into evidence in the first instance, and the court limited the reference to the one uncharged crime that was admitted into evidence and gave limiting instructions to the jury to the effect that the evidence could only be considered by them for the purpose of determining whether the People had established a modus operandi.

The defendant's argument that the trial court erred in failing to conduct a hearing to determine whether certain evidence was inadmissible as fruit of the poisonous tree, on the ground that it was derived from the defendant's suppressed statement to police, was preserved for appellate review (*see* CPL 470.05 [2]). However, we are not persuaded that such a hearing was required. The defendant did not confess in the suppressed statement, and law enforcement officials conducted a massive, independent investigation of the crimes. All of the evidence which the defendant claims was derived from his suppressed statement was collateral to the statement itself, and the People established that, as to the identification of certain witnesses allegedly derived from the suppressed statement, any taint had dissipated (*see United States v Ceccolini*, 435 US 268 [1978]; *People v Mendez*, 28 NY2d 94 [1971], *cert denied* 404 US 911 [1971]) and, as to other evidence, that it was legitimately obtained in the course of the police investigation, independent of the suppressed statement (*see Wong Sun v United States*, 371 US 471, 488 [1963]; *Silverthorne Lumber Co. v United States*,

251 US 385, 392 [1920]; *People v Arnau*, 58 NY2d 27, 37 [1982]; *People v Richardson*, 9 AD3d 783 [2004]; *People v Goodwin*, 286 AD2d 935 [2001]).

Finally, we reject the defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct. While one question asked by the prosecutor during redirect examination of a detective, and some of the prosecutor's comments in summation, were improper, the prosecutor's misstatements were not so egregious or pervasive as to deprive the defendant of a fair trial, and, in the instances where the defendant objected, the trial court took prompt and appropriate curative action (*see People v Diotte*, 63 AD3d 1281 [2009]; *People v Gardner*, 27 AD3d 482 [2006]; cf. *People v Riback*, 13 NY3d 416 [2009]; *People v Calabria*, 94 NY2d 519 [2000]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.