■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER D. YOUNG, Appellant. [903 NYS2d 256]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered July 1, 2008, convicting him of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of operating a motor vehicle while under the influence of alcohol is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Milo*, 300 AD2d 680 [2002]; *People v Donhauser*, 255 AD2d 933 [1998]; *People v Gangale*, 249 AD2d 413 [1998]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Robbins*, 48 AD3d 711 [2008]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

Likewise, the defendant failed to preserve his contention that the trial court committed reversible error when it failed to instruct the jury on the lesser-included offense of driving while ability impaired (*see* Vehicle and Traffic Law § 1192 [1]; CPL 470.05 [2]; *People v Borrello*, 52 NY2d 952, 953 [1981]). In any event, the defendant's contention is without merit (*see* CPL 300.50 [2]; *People v Morusma*, 45 AD3d 253 [2007]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Rivera, J.P., Covello, Balkin and Hall, JJ., concur.