People v Wilborn (2018 NY Slip Op 05613)





People v Wilborn


2018 NY Slip Op 05613


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-06177
 (Ind. No. 15-00367)

[*1]The People of the State of New York, respondent,
v
Octavious D. Wilborn, appellant.


Philip H. Schnabel, Chester, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered May 26, 2016, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of burglary in the second degree based on incidents that occurred in December 2014 and January 2015.
The defendant failed to preserve for appellate review his contention regarding service of a late alibi notice (see CPL 470.05[2]; see also People v Irizarry, 298 AD2d 600; People v Bhoje, 275 AD2d 419). In any event, the defendant did not establish a basis for service of a late alibi notice (see CPL 250.20[1]; People v Wahhab, 84 AD3d 982, 984; People v Delacruz, 13 AD3d 642). Contrary to the defendant's contention, the failure of trial counsel to file a timely alibi notice or request leave to file a late alibi notice did not deny the defendant the effective assistance of counsel (see People v Coleman, 37 AD3d 489, 490; see also People v Ennis, 11 NY3d 403, 415).
The defendant's contention that the County Court should have suppressed evidence obtained from an examination of his cell phone is without merit. The search warrant application, which was submitted with the defendant's omnibus motion papers, established probable cause for the search and seizure of the cell phone (see People v Polancobatista, 155 AD3d 1064, 1065; People v Wahhab, 84 AD3d at 983).
The defendant failed to request that the County Court submit to the jury the count of criminal possession of stolen property as a purported lesser-included offense of burglary in the second degree. Therefore, he failed to preserve for appellate review the contention that the purported lesser-included offense should have been submitted to the jury (see CPL 470.05[2]; People v Borrello, 52 NY2d 952, 953; People v Young, 74 AD3d 1374, 1375). In any event, criminal possession of stolen property is not a lesser-included offense of burglary in the second degree, [*2]because it is possible to commit the crime of burglary in the second degree without concomitantly committing the crime of criminal possession of stolen property. The crimes of criminal possession of stolen property in the first through fifth degrees all require the element of knowing possession of stolen property with intent to benefit therefrom, an element not present in the crime of burglary in the second degree (see CPL 1.20[37], 300.50[2]; Penal Law §§ 165.54, 165.52, 165.50, 165.45, 165.40, 140.25). Therefore, the court would have properly rejected such a proposed charge.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). The record does not show that the County Court penalized the defendant for exercising his right to trial (see People v Ramirez, 157 AD3d 718, 720; People v Murray, 116 AD3d 1068, 1069).
In his pro se supplemental brief, the defendant argues that the County Court improperly empaneled an "anonymous" jury. The record shows that the names of the prospective and sworn jurors were disclosed in open court. Therefore, the defendant's contention is without merit (see CPL 270.15[1][a]; [1-a]; cf. People v Flores, 153 AD3d 182), as is his contention that his trial counsel was ineffective for failing to object to the purportedly "anonymous" jury (see People v Coleman, 37 AD3d at 490; see also People v Ennis, 11 NY3d at 415)).
The defendant did not preserve for appellate review his contention in his pro se supplemental brief regarding alleged bias or prejudice on the part of jurors (see CPL 470.05[2]). In any event, the record does not reveal any such bias or prejudice (see People v Burks, 272 AD2d 476, 477; see also People v Baksh, 125 AD3d 988, 990).
The defendant contends, in his pro se supplemental brief, that the County Court erred in allowing the prosecutor to elicit evidence as to a codefendant's agreement to cooperate with the District Attorney, and allowing the prosecutor to comment on that cooperation agreement. The defendant did not object to this evidence, nor to the prosecutor's statements in this regard, and, therefore, failed to properly preserve this contention for appellate review (see CPL 470.05[2]; People v West, 56 NY2d 662, 663; see also People v Hercules, 47 AD3d 835, 836). In any event, we agree with the court's determination permitting the People to question the codefendant as to that agreement and to comment upon that agreement, as defense counsel raised the issue of that witness's motive for testifying in his opening remarks (see People v Choi, 137 AD3d 808, 809; People v Santana, 55 AD3d 1338, 1339; People v Hayes, 226 AD2d 1055; People v Cherry, 161 AD2d 185, 187). Further, we agree with the court's determination allowing the People to introduce that codefendant's cooperation agreement into evidence (see People v Choi, 137 AD3d at 809; People v Hayes, 226 AD2d 1055).
The defendant did not object to the jury charge as given, and he consequently failed to preserve for appellate review his challenge to the jury charge (see CPL 470.05[2]; People v Jones, 138 AD3d 1144, 1144-1145). In any event, contrary to the defendant's contention, the County Court was not required to charge the jury as to the effect of the codefendant's plea of guilty, as the codefendant had not pleaded guilty as of the time of this trial (see People v Allen, 145 AD2d 957, 958; cf. People v Barber, 81 AD2d 943, 943). Further, the court provided an appropriate charge as to the credibility of the testifying codefendant and as to accomplice corroboration. The court charged the jury that, inter alia, the codefendant was an accomplice as a matter of law, and that a defendant may not be convicted upon the uncorroborated testimony of an accomplice. The court also charged the jury that the "law is especially concerned about the testimony of an accomplice who implicates another in the commission of a crime." Under these circumstances, we see no error in the court's jury charge as to the effect of the accomplice testimony (see People v Jones, 138 AD3d at 1144-1145; People v Kettreis, 19 AD3d 706, 707), as well as its charge as to corroboration of accomplice testimony (see CPL 60.22).
Finally, contrary to the defendant's contention, the grand jury indictment that is in the record was properly signed by the grand jury foreperson (see CPL 200.50[8]).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court